BRIGHAM YOUNG TRUST COMPANY, RESPONDENT, *v.* HENRY WAGENER, APPELLANT.

LANDLORD AND TENANT — FORFEITURE OF LEASE — ESTOPPEL OF LANDLORD TO DENY.

1. Defendant, a subtenant, had, in consideration of $1,500, and of a monthly rent of $60 for the first five years, $80 for the second five years, and $120 for the third five years, leased the property in question. The plaintiff sued the defendant for rent from the 1st day of October, 1891, to the 1st day of November, 1892,—a period of 13 months. On the 1st day of May, 1892, defendant tendered plaintiff $480, the amount due up to the 31st day of May, 1892, but plaintiff refused to accept the money offered, and notified defendant that the lease had been forfeited,—a right given to plaintiff by the terms of the lease. It was further shown that defendant intended to build upon the premises leased; that they were occupied, and that plaintiff nailed up the doors of an old, unoccupied adobe building on the place; also, that defendant, relying upon the declarations of plaintiff, considered that he had lost his $1,500 and had given up control over the premises, and his intention to build thereon. It appeared that plaintiff offered, by letter and resolution, May 4, 1892, to reinstate the forfeited lease, provided the defendant would agree to a change in the conditions and terms thereof. *Held,*

that a re-entry was not only shown, by the nailing up of the vacant building, but could be fairly presumed from conduct of the plaintiff, and from the resolutions of the board of directors, and as defendant relied and acted upon these facts, as plaintiff probably intended he should act, to his prejudice, and he was injured thereby, plaintiff was estopped from setting up any claim for rent after May 1, 1892, and from insisting on a continuance of the lease after that date.

2. It was error in the court to ignore, in its instructions to the jury, the question of equitable estoppel involved in the case.

(No. 545.   Decided March 31, 1896.   44 P. R. 1030.)

This case came up on a motion for a rehearing, having been heard and judgment rendered thereon by the supreme court of the Territory, June 14, 1895. (40 P. R. 746.) Upon rehearing, judgment was reversed.

*James A. Williams,* for appellant.

*Barlow Ferguson,* for respondent.

MINER, J.:

This cause came before the territorial supreme court, on appeal, in June, 1895, and the decision thereof is reported in 40 Pac. 764. A rehearing having been granted, the case is again before this court for consideration.

This action is brought to recover rent. The respondent succeeded to all the property of the Brigham Young estate. Before its incorporation, said estate was in the hands of trustees. The trustees leased the property in question to Wilken & Turnbow for 15 years, beginning the 1st day of April, 1890, at a monthly rental of $60 per month for the first five years, $80 for the second five years, and $120 for the last five years, of the term, payable monthly in advance, on the 1st day of each and every month. Wilken & Turnbow assigned the lease to appellant

for $1,500. On the 19th day of November, 1892, the corporation sued the appellant for $780, the rent from the 1st day of October, 1891, to the 1st day of November, 1892, being the rent for 13 months at $60 per month. Wagener filed his amended answer, in which he admitted that he did not pay the rent in advance, as required by the terms of the lease, but alleged that on the 1st day of May, 1892, he tendered the sum of $480 to the company, the same being the rent from October 1, 1891, down to and including the 31st day of May, 1892; that the company refused to accept the said sum, or any part thereof, and then and there informed him that the lease was at an end, that it had been forfeited, and that it had taken possession of the premises; that the premises, during the whole time, were vacant and unoccupied; that he had intended to build on said premises, and had made arrangements for that purpose, but believing what the company had said, and knowing that they had a right, under the terms of the lease, to declare a forfeiture and take possession, and believed that they had done so; that he relied upon the truth of their declarations, and gave up all idea of building, or exercising any control over the premises, and considered that on account of his default he had lost all the money he had paid as rent, and also the $1,500 he had paid on the purchase of the lease; and alleged further, that the conduct of the company in the premises had estopped it from claiming rent from said defendant, not only the amount that accrued after the tender, but also the amount tendered; that he had relied upon the truth of their declarations, to his injury, and thought that the entire matter was at an end until about six months after the tender and refusal thereof, on which date this suit was begun, etc. The lease in evidence contains this provision: "It is hereby agreed that if any rent shall remain due and unpaid for a period of ten days, or

if default shall be made by the party of the second part in any of the covenants herein contained, then said party of the first part is hereby guarantied by the party of the second part the right and privilege, without notice of any sort, or any process of law, and without any opposition, defense, claim, or hindrance whatever either by law or otherwise, by the last-named parties, to enter, either by himself or his agent, the said premises, and to eject all persons therefrom, and to take full, complete, and unmolested possession thereof "

The testimony tends to show that the property in question was vacant and unoccupied property with an uninhabited abode building thereon; that the respondent had forfeited the lease for nonpayment of rent; that the doors to the old building thereon were nailed up in October or November, 1891, by some one; that the accrued rent from October 31, 1891, to May 31, 1892, amounting to $480, had been tendered respondent on May 1. 1892, together with interest thereon, which was refused on the ground that the respondent forfeited the lease, and that it wanted the property back. Respondent offered, by letter and resolution, May 4, 1892, to reinstate the forfeited lease, providing the appellant would agree to a change in the conditions and terms thereof, and release certain rights he had thereunder, but not otherwise   When the rent was tendered, respondent was informed that appellant desired to build upon the premises   Appellant paid $1,500 for the lease, and had paid rent thereon for several months. He had a valuable interest in the property, and was deprived of such interest by the conduct of the respondent in forfeiting the lease, and claiming that it had been forfeited, and that he was thereby damaged. He offered evidence tending to show that he intended to build on the premises at the time the tender was made, and for

the purpose of showing damage, which evidence was rejected. The evidence shows that respondent claimed, and appellant believed, it had taken possession of the property to the injury of the appellant. The evidence, as shown, tended to establish the fact alleged in the answer as an equitable estoppel, and entitled appellant to have such facts submitted to the jury under the issue presented. The appellant had a right to rely upon the authorized statements and conduct of the respondent that the lease has been and was forfeited. The lease gave the respondent the right to forfeit and take possession without notice. The refusal of the respondent to accept rent when tendered, in May, 1892, was an emphasis of this forfeiture, from which he must have believed that his rights unde the lease were taken from him. The conditions of the lease had not been complied with, and the respondent, as the appellant believed, had the right to forfeit it. A re-entry was not only shown by the nailing up of the vacant building, but could be fairly presumed from the conduct of the respondent, through its authorized agent, and from the resolution of its board of directors. Appellant relied, believed, and acted upon these facts, as respondent probably intended he should act, to his prejudice, and he was injured thereby. The respondent corporation had the right to insist upon the forfeiture for the nonpayment of rent, or to waive the forfeiture and accept the rent, but it could not do both. It elected to insist upon the forfeiture, and refused the rent, and that election is final. It is too late now for the respondent to say that it did not intend to forfeit the lease, did not intend to refuse the rent tendered, did not intend to take possession of the premises, did not intend to create a forfeiture, and did not intend that appellant should act and rely upon its statements when they were made. Appellant did act upon and believed the state-

ments as made. The respondent cannot be allowed to avoid the contract, and then treat it as subsisting; nor could it treat it as subsisting, and afterwards be permitted to avoid it, to the appellant's injury. "Where, by reason of a breach of a condition, a lease becomes forfeited, the lessor is entitled to recover possession. He waives that right by the acceptance of rent. He cannot accept the rent, and at the same time claim a forfeiture of the lease." 2 Herm. Estop. §§ 1046, 1048, 1049; *Silva* v. *Campbell* (Cal.), 24 Pac. 316; *De Frees* v. *Carr*, 8 Utah 491, 33 Pac. 217. A party who has made another believe a certain state of facts to be true, either by his silence, declarations, or acts, is estopped from denying its truth, where such course has tended to and did influence the conduct of another to his injury. *Stowe* v. *U. S.*, 19 Wall. 13; *Branson* v. *Wirth*, 17 Wall. 32. So it has been held that "he who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted." *Dickerson* v. *Colgrove*, 100 U. S. 578; *Bank* v. *Tract Soc.*, 4 Sandf. Ch. 438.

The appellant presented his written request to charge the jury, and asked the court to charge the jury upon the law of equitable estoppel as presented by the record. But the court refused all the requests presented, and refused to instruct the jury upon that subject (thereby wholly ignoring the question as to the effect of the forfeiture of the lease for nonpayment of rent) in connection with the forfeiture, and refusal of the respondent to accept the rent when tendered, on the ground that the lease had been actually forfeited, and, in effect, ignored the appellant's theory of the case. The court instructed the jury, in substance, that the appellant was liable to pay the rent, and could not relieve himself from that

13 UTAH—16

liability by his own failure to pay rent when due; that if respondent re-entered into possession of the premises under a claim of forfeiture, without lawful demand or consent of appellant, then the tenancy had not been terminated by forfeiture; and that appellant was liable for rent, until such time as the tenancy was terminated. This part of the charge, together with that which follows, wholly ignores the issue, and the testimony given under it, which involved the doctrine of equitable estoppel. We think the appellant had a right to have his theory of the case, as shown by the proof, presented to the jury for their consideration, and a failure on the part of the court to do so was error. On the 1st of May, 1892, appellant tendered the respondent the sum of $480 to cover the rent from October 1, 1891, to May 31, 1892. From all the testimony in the case we conclude that forfeiture of the lease, and termination of the tenancy by the respondent, took effect on May 1, 1892, and that respondent is entitled to a judgment against appellant for the amount of rent then due,—being seven months at $60 per month, amounting to $420,—and should not recover a larger amount, under the facts in this case. It is therefore ordered that the judgment of the court below be set aside and vacated, and said court be instructed to enter a judgment in favor of the plaintiff, and against defendant, for the sum of $420, and interest thereon from May 1, 1892, and that appellant recover costs of both courts.

ZANE, C. J., concurs.

BARTCH, J.:

Upon further consideration of the case, I do not think that this court, in its former opinion, made a correct application of the doctrine of equitable estoppel to the facts in the case, and therefore concur herein.