486 P.2d 1045

Richard L. GILLMAN, by and through his Guardian ad Litem, Norman Gillman, Plaintiff and Respondent,

v.

Blanche W. HANSEN, Defendant and Appellant.

No. 12299.

Supreme Court of Utah.

June 28, 1971.

---

2. Maryland Casualty Co. v. Sammons, 63 Ga.App. 323, 11 S.E.2d 89 (1940).

Harold G. Christensen, of Worsley, Snow & Christensen, Salt Lake City, for defendant and appellant.

James R. Amschler, and Clifford L. Ashton, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

Blanche W. Hansen was involved in an automobile accident in an intersection controlled by semaphore lights and was sued by the driver of the other car. Her insurance carrier undertook the defense of the case and filed an answer in her behalf. Each party served interrogatories on the other. Certain motions were made, and the deposition of the defendant was taken.

Since the attorneys for the defendant were selected by the insurance company, they had not met the defendant until just prior to the taking of her deposition. At this meeting she told them that she herself had been injured in the collision and that

the plaintiff was the one who ran the red light.

Immediately after the deposition was finished, her counsel informed the insurance company of the possible counterclaim which defendant was asserting. The company instructed the lawyers to include the claim by way of an amendment to the answer.

Since the defendant's claim arose out of the same transaction as did that of the plaintiff, it would be forever barred unless asserted in the present action.[1] The lawyers for the defendant, therefore, prepared an amendment to the answer by way of a counterclaim for injuries sustained by the defendant and included therein a claim for damages to her car in the amount of $1794.34, which sum the carrier had theretofore paid to the defendant. A motion to permit the counterclaim to be filed was by the trial court denied, for reasons best known unto himself. It is from that ruling that this appeal is taken.

It is to be observed that the case had not been set for trial at the time, and the only adverse effect which the amendment could have on the plaintiff might be to require the taking of a further deposition of the defendant. If the trial court thought that a hardship would be caused to the plaintiff by allowing the amendment, it could have imposed a condition thereto, such for example as assessing the costs for a second deposition against the defendant.[2]

The matter is governed by certain of our Rules of Civil Procedure, which will now be referred to. Rule 15(a) is as follows:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.* * * * [Emphasis added.]

Rule 13(e) reads:

When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or *when justice requires,* he may by leave of court set up the counterclaim by amendment. [Emphasis added.]

If ever there was a case where justice would require an amendment, this case seems to be one. Where an insurance company undertakes the defense of its insured, the evidence is usually marshalled

---

1. Rule 13(a), U.R.C.P.

2. Bingham & G. Ry. Co. v. North Utah Mining Co., 49 Utah 125, 162 P. 65 (1916).

**168**

and the investigation made by an "adjuster" and not by the lawyer. The principal concern of the insurer is to see that the insured is not held for damages, for if it is, then the company will have to pay.

In actual practice where a counterclaim is filed by an insured defendant, it is usually done by other counsel retained by the defendant personally and not by the insurance lawyer.

In this case the refusal to permit the amendment would forever bar the defendant from having her claim decided in court. Certainly the failure to assert the claim earlier was no fault of hers, and it is the system and not the individual lawyer employed by the insurer which is at fault, if any fault there be in this case.

■ Ordinarily the allowance of an amendment by leave of court is a matter which lies within the sound discretion of the trial court. This discretion, however, is to be exercised in the furtherance of justice and must not be exercised so as to defeat justice. The rule in this state has always been to allow amendments freely where justice requires, and especially is this true before trial.[3]

The case of Hancock v. Luke[4] gives light on the question here before us. There, no objections were made to the

pleadings until the case was called for trial, when the plaintiff moved for judgment on the pleadings. The defendant's motion to amend was denied. In reversing that ruling this court said:

We can see no reason whatever why the defendants in this case should be denied the right of amendment when the exercise of that right is a matter of daily occurrence in our courts of justice. True, motions for judgment on the pleadings may be rare, but that is no reason why the right of amendment should be denied when timely proposed, as in the case at bar. Nor can we conceive how any one can say in advance that in this case at least a partial defense may not be set forth by a proper amendment to the answer. Nor can we see how it can successfully be contended that the motion for leave to amend was not timely made, or that prejudice or undue delay will result if allowed.

Another case to be considered is that of Detroit Vapor Stove Co. v. J. C. Weeter Lumber Co.[5] The court there refused to permit the defendant to amend its counterclaim after a demurrer had been sustained thereto. In reversing the trial court, this court held:

The proposed amendment was offered on the same day and very soon after the

3. Johnston v. Brinkerhoff, 89 Utah 530, 57 P.2d 1132 (1936).

4. 46 Utah 26, 38, 148 P. 452, 457 (1915).

5. 61 Utah 503, 513, 215 P. 995, 999 (1923).

 

demurrer to defendant's counterclaim was sustained. What reason the court had for refusing to permit the amendment does not appear. Another amendment offered at the same time was rejected for the reason, as stated by the court, that it had been alleged in a former pleading and afterwards abandoned.

Whatever may be the correct conclusion as to whether the amended counterclaim stated a cause of action without the allegation that notice was given to plaintiff of the breach of its promise, we are firm in our convictions that with the amendment alleging such notice the counterclaim stated a cause of action for such damages as defendant had sustained. It was therefore prejudicial error to refuse to allow the amendment and enter judgment on the pleadings.

In the instant case neither party had made any effort to set it for trial, nor had a pretrial conference been requested. One of the purposes of having a pretrial conference is to enable the parties to make such amendments to the pleadings as may be required to present all issues at trial.[6] In fact, Rule 1(a), U.R.C.P., in speaking of the Rules of Civil Procedure states: "They shall be liberally construed to secure the just, speedy, and inexpensive determination of every action."

The ruling of the trial court was not in the furtherance of justice, nor was it calculated to make for a just determination of the issues of the case. In refusing to allow the defendant to file the proposed counterclaim, the trial court abused its discretion. The ruling is reversed and the matter is remanded with directions to the court to permit the proposed counterclaim to be filed. Each party will bear its own costs on this appeal.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.