Salli Smith **GIRARD**, Plaintiff, Respondent, and Cross-Appellant,

v.

Charles L. **APPLEBY**, Jr., David E. Wood, Don Bjarnson, Catherine R. Appleby, Leone E. Wood, Grace Bjarnson, Steven Alfred, and Beth Alfred, Defendants, Appellants, and Cross-Respondents.

No. 17662.

Supreme Court of Utah.

March 11, 1983.

Michael D. Hughes, St. George, for defendants, appellants, and cross-respondents.

Ronald B. Boutwell, Hurricane, J. McArthur Wright, John L. Miles, St. George, for plaintiff, respondent, and cross-appellant.

HALL, Chief Justice:

Plaintiffs Genevieve A. Smith, Jesse E. Smith, Beth M. Smith and Salli Smith Girard brought this action to declare forfeiture of a lease on the ground that defendant lessees had failed to furnish liability insurance coverage as required by the terms of the lease. Plaintiffs also sought an injunction restraining defendants from conducting a health spa business on the leased premises until the required insurance coverage was obtained. Defendants stipulated that a temporary injunction might issue, and they also furnished the required insurance coverage. Subsequently, they stipulated that the temporary injunction might be made permanent, and all parties except plaintiff Girard further stipulated to the dismissal of all issues, and that each of the parties should bear their own attorney fees and costs. The trial court accepted the stipulation and entered its order of partial dismissal, and the case proceeded to trial with only Girard as party plaintiff.

On the morning of trial, Girard moved to amend the complaint to include causes of action for waste and for violations of the health and building codes. The court reserved ruling on the motion, but permitted evidence to be presented on those issues.

The complaint contained a demand for an award of attorney fees incurred in enforcing the terms of the lease agreement, but Girard rested her case without presenting any evidence in support thereof, and without reserving the issue.

The case was duly submitted, and in its subsequent written findings, conclusions and judgment, the court ruled, *inter alia,* as follows: 1) denied the motion to amend the complaint, concluding that it was untimely and that the proposed amendment comprised new and different causes of action; 2) set aside its prior order of partial dismissal and joined the other plaintiffs as involuntary defendants, since all plaintiffs, being co-owners, had not agreed on a common course of action to waive the alleged forfeiture; 3) concluded that defendants had breached the insurance covenant of the lease, but that the breach was not of sufficient substance as would justify forfeiture, and that in any event, all plaintiffs had waived the forfeiture by reason of their acceptance of rental payments following the breach; and 4) determined that plaintiffs were entitled to reimbursement for attorney fees incurred in enforcing the insurance covenant, and ordered proof thereof by way of affidavits. On the basis of the affidavits thereafter submitted, the court awarded Girard the sum of $3,487.50 as and for attorney fees.

On this appeal, defendants challenge the award of attorney fees, contending that the court erred in reopening the case *sua sponte* for the purpose of permitting Girard to submit evidence omitted at the time of trial. Girard cross-appeals, contending that the court erred in refusing to consider waste and health code violations as further evidence of breach, and that the court erred in denying her motion to amend the complaint at the time of trial, and erred in ruling that plaintiffs had waived forfeiture by the acceptance of rent.

It lies within the sound discretion of the trial court to grant a motion to reopen for the purpose of taking additional testimony after the case has been submitted but prior to entry of judgment.[1] The court should consider such a motion in light of all the circumstances and grant or deny it in the interest of fairness and substantial justice.[2] However, no such discretion is afforded the court to reopen the case *sua sponte.* Preservation of the integrity of the adversarial system of conducting trials precludes the court from infringing upon counsel's role of advocacy. Counsel is entitled to control the presentation of evidence, and should there be a failure to present evidence on a claim at issue, it is generally viewed as a waiver of the claim.[3]

In the instant case, we are not apprised of the reason Girard saw fit to rest her case without presenting evidence in support of her claim for attorney fees. However, even if it be assumed that it was the result of oversight, the interests of justice are not enhanced when the court exceeds its role as arbiter by reaching out and deciding an issue that would otherwise be dead, it not having been litigated at the time of trial.[4]

Turning now to the merits of the cross-appeal, Girard concedes that the only claim for relief stated in the complaint is the failure to furnish evidence of insurance coverage. Nevertheless, she contends that the "Notice to Cure Defaults" which was attached to the complaint as an exhibit is sufficient to raise the issues of health and business code violations and waste.

Girard relies upon Rule 10(c), Utah Rules of Civil Procedure, which provides, *inter alia,* that an exhibit to a pleading is a part thereof for all purposes. However, the fact that an exhibit becomes a part of the complaint does not satisfy the requirements of Rule 8(a), Utah Rules of Civil Procedure, that a complaint "shall contain (1) a short and plain statement of the claim showing

1.  *Lewis v. Porter,* Utah, 556 P.2d 496 (1976).

2.  *Id.,* citing 6A Moore's Federal Practice (2d ed.), Sec. 59.04[13] p. 59–37.

3.  *Interiors Contracting Inc. v. Navalco,* Utah, 648 P.2d 1382 (1982).

4.  *See Dixon v. Stoddard,* Utah, 627 P.2d 83 (1981).

that the pleader is entitled to relief; and (2) a demand for judgment for relief he deems himself entitled."

While an exhibit may be considered as a part of a pleading to clarify or explain the same, an exhibit to a pleading cannot serve the purpose of supplying necessary material averments, and the content of the exhibit is not to be taken as part of the allegations of the pleading itself.[5]

Rule 15(a), Utah Rules of Civil Procedure, permits the amendment of pleadings by leave of court, and the rule is to be liberally construed so as to further the interests of justice.[6] However, the rule is to be applied with less liberality when the amendments are proposed during or after trial, rather than before trial.[7] In any event, the granting of leave to amend is a matter which lies within the broad discretion of the court, and its rulings are not to be disturbed in the absence of a showing of an abuse of discretion resulting in prejudice to the complaining party.[8]

In the instant case, the motion to amend was not made until the day of trial, and it proposed to introduce new and different causes of action. Defendants objected to the granting of the motion, contending they would be prejudiced in their defense, not having been apprised of the new claims until the morning of trial. Thereupon, the court concluded as follows:

[T]hat the matter of the other breaches was a significant change in the cause of action (which consumed most of the trial time), that it was not consented to be tried by defendant [sic], and that no reason was adduced for not timely moving to amend prior to trial. Accordingly, the

court exercises its discretion under Rule 15 to deny the motion to amend.

In light of the facts and circumstances of this case, the court did not abuse its discretion in denying the motion to amend the complaint. Girard's inability to state an adequate reason for the untimeliness of the motion discloses that this is not a case where "justice requires" an amendment. On the other hand, the disadvantage defendants would face if required to meet the new causes of action reveals that the interests of justice will best be served by the court's denial of the motion to amend.[9]

We also find no merit in Girard's remaining contention that the court erred in concluding that the forfeiture had been waived by the acceptance of rent.

The ruling of the trial court follows the rule long recognized by this Court that:

Where by reason of a breach of a condition, a lease becomes forfeited, the lessor is entitled to recover possession. He waives that right by the acceptance of rent. He cannot accept rent, and at the same time claim a forfeiture of the lease.[10]

Nevertheless, Girard contends that her acceptance of rent did not constitute a waiver because the "Notice to Cure Defaults" heretofore mentioned contained a declaration that: "No waiver of this notice or the required thirty (30) days to cure the above-mentioned defaults will be granted unless in writing and signed by all parties concerned." However, her contention is to no avail.

In *Woodland Theatres, Inc. v. ABC Intermountain Theatres, Inc.,*[11] the Court con-

---

5. *Hoover Equipment Company v. Smith,* 198 Kan. 127, 422 P.2d 914 (1967); *see also* 71 C.J.S. Pleading § 375(2); 41 Am.Jur. Pleading § 56.

6. *Gillman v. Hansen,* 26 Utah 2d 165, 486 P.2d 1045 (1971).

7. *Id.*

8. *Johnson v. Brinkerhoff,* 89 Utah 530, 57 P.2d 1132 (1936).

9. *Id.*

10. *Brigham Young Trust Company v. Wagener,* 13 Utah 236, 44 P. 1030 (1896), cited with approval in *Woodland Theatres, Inc. v. ABC Intermountain Theatres, Inc.,* Utah, 560 P.2d 700 (1977).

11. *Supra* n. 10, at page 701.

cluded that such a unilateral reservation avails the lessor nothing.[12]

The trial court's award of attorney fees is vacated and set aside. In all other respects, the judgment is affirmed. Each party to bear their own costs.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

---

12. *Id.,* citing with approval 3A Thompson on Real Property (1959 Replacement), Sec. 1328, p. 576, 1976 Supplement, p. 74, which is now to be found in the 1981 Replacement, Sec. 1328, p. 585–86.