**Wayne TRIPP, dba Modern Drywall, Plaintiff,**

v.

**Jeff VAUGHN, dba Jeff Vaughn Construction, et al., Defendants.**

**BASIN STATE BANK, INC., Plaintiff and Respondent,**

v.

**LINCOVE PARTNERSHIP, Richard L. Buchanan and Lucille Buchanan, Defendants and Appellants.**

**No. 860129–CA.**

Court of Appeals of Utah.

Dec. 2, 1987.

Thomas R. Patton, Zabriskie & Patton, Provo, for defendants and appellants Lincove Partnership and Buchanan.

Kenneth G. Anderton, Vernal, for plaintiff and respondent Basin State Bank.

Lynn B. Larsen and Curtis D. Elton, Wickwire, Gavin & Gibb, Salt Lake City, for Familian Pipe & Supply.

Bryan W. Cannon, Salt Lake City, for Gary R. Free.

Evan A. Schmutz, Jones, Waldo, Holbrook & McDonough, Salt Lake City, for Contract Carpets & Interiors.

Clark B. Allred, Vernal, for Donald T. Anderson.

Larry A. Steele, Jones, Waldo, Holbrook & McDonough, Salt Lake City, for Basin Wholesale Elec. and Basin Sportsman.

Kirk Bennett, Bennett & Judd, Vernal, for Wayne Tripp, dba Modern Drywall.

Scott C. Pierce, McKay, Burton, Thurman & Condie, Salt Lake City, for Lowry Overhead Doors.

David M. Wahlquist, James J. Cassity, Kirton, McConkie & Bushnell, Salt Lake City, for Pollack & Pieper.

Before GREENWOOD, ORME and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

Lincove Partnership ("Lincove") appeals from the trial court's consolidation of case nos. 12,342 and 12,251, the denial of its motion to allow a counterclaim, bring in third party defendants and set aside a partial summary judgment, and the trial court's admission of hearsay. We affirm in part and remand.

### I.

The procedural background of this case is central to this appeal, and is, therefore, set forth in detail. Lincove executed a trust deed and trust deed note whereby it agreed to pay Basin State Bank $1,120,000 with interest for the purchase of a subdivision ("the property") which collateralized the loan. The note provided that in the event of default, the entire sum would become due and payable. After the trust deed was recorded, Wayne Tripp and others performed work on the property. On July 27, 1983, Wayne Tripp filed an action in case no. 12,251 against Jeff Vaughn, Lincove, Basin State Bank and various lienholders, seeking to foreclose his mechanics' lien on the property. On August 29, 1983, attorneys Charles Abbott and Brent Jensen answered the complaint on behalf of Jeff Vaughn and Lincove. On September 22, 1983, Basin State Bank filed a foreclosure action against Lincove and others in case no. 12,342.

On November 18, 1983, Basin State Bank filed a motion to consolidate the two cases. A notice of the hearing on the motion to consolidate was sent to Charles Abbott as attorney for Lincove on November 22, 1983. The motion was heard on November 30, 1983, and the court ordered the cases consolidated.

DeLoy Sallenback filed an answer in Basin State Bank's foreclosure action on behalf of two Lincove partners on January 9, 1984. On December 5, 1984 the court granted partial summary judgment in favor of Wayne Tripp and others, against Lincove and general partners Richard L. Buchanan, Robert King and DeVerl Byington, finding they had failed to file or obtain a bond as required by Utah Code Ann. § 14-2-1. On December 27, 1984, Kenneth Clarke, a law partner of Mr. Sallenback, attended a trial on behalf of Lincove, where the priority of the lienholders was litigated. Trial on the remaining issues was set for February 1, 1985. On January 15, 1985, Mr. Clarke filed an entry of appearance of counsel, a motion to bring in third party defendants and a motion to allow a counterclaim. Mr. Clarke filed an affidavit with his motions, citing his short period of time on the case, his heavy workload and his family problems as the reasons the court should grant the motions. On January 21, 1985, Mr. Clarke filed a motion to continue the trial. The trial was continued until March 19, 1985. On February 1, 1985, Lincove filed a motion to set aside the partial summary judgment in favor of Wayne Tripp.

On March 19, 1985, the court denied the motion to set aside the partial summary judgment, motion to bring in third party defendants and motion to allow a counterclaim, and the trial was held. At trial, the executive vice president of Basin State Bank testified that the accrued interest due on the $1,120,000 loan was $366,300.47. Lincove's attorney objected to the testimony on the grounds that it was hearsay. The court allowed the testimony into evidence under the business records exception to the hearsay rule. At the conclusion of the trial, the court found that Basin State Bank had priority over all other liens and ordered foreclosure of the property.

Lincove raises the following issues on appeal: 1) whether Basin State Bank gave

timely notice of the consolidation of the cases to Lincove; 2) whether the court erred in denying Lincove's motions to allow a counterclaim and to bring in third party defendants; 3) whether the court erred in denying Lincove's motion to set aside the partial summary judgment; and 4) whether the court erred in admitting the bank officer's testimony into evidence.

## II.

Lincove's first claim on appeal is that Basin State Bank failed to provide it with timely notice of the motion to consolidate and the nature of the hearing on March 19, 1985. Notice, to be adequate, must be reasonably calculated to apprise interested persons of the pendency of the action and afford them an opportunity to present their objections. *Nelson v. Jacobsen*, 669 P.2d 1207, 1212 (Utah 1983). The notice must "adequately [inform] the parties of the specific issues they must prepare to meet." *Id.* at 1213.

On November 22, 1983, notice of the hearing on the motion to consolidate was sent to Charles Abbott as attorney for Lincove. Therefore, Lincove received timely notice of that hearing. Further, a notice of the March 19, 1985 hearing was sent to Mr. Sallenback as counsel for Lincove on March 6, 1985. The notice stated that the hearing would address the foreclosure of Basin State Bank's trust deed. Lincove clearly received adequate notice of the hearing on March 19, 1985 and the issues it would be required to meet. Therefore, we find that Basin State Bank provided Lincove with timely notice of the motion to consolidate and the hearing on March 19, 1985.

## III.

Lincove also contends that the court erred in denying Lincove's motions to allow a counterclaim and to bring in third party defendants. Under the Utah Rules of Civil Procedure a compulsory counterclaim shall be filed and a permissive counterclaim may be filed within the twenty days allowed for filing the answer. Utah R.Civ.P. 12(a), 13(a) and (b). However, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Utah R.Civ.P. 13(e).

A defendant, as third party plaintiff, may serve a third party defendant with a summons and complaint and need not obtain leave to make the service "if he files the third-party complaint not later than ten days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action." Utah R.Civ.P. 14(a). Further, Utah R.Civ. P. 15(a) provides that a party who has not amended his pleadings within the time provided for in the rule, may amend his pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

In interpreting Rule 15(a), the Utah Supreme Court has stated that "the granting of leave to amend is a matter which lies within the broad discretion of the court, and its rulings are not to be disturbed in the absence of a showing of an abuse of discretion resulting in prejudice to the complaining party." *Girard v. Appleby*, 660 P.2d 245, 248 (Utah 1983). In Utah, the rule is "to allow amendments freely where justice requires, and especially is this true before trial." *Gillman v. Hansen*, 26 Utah 2d 165, 486 P.2d 1045, 1046 (1971). The Utah Supreme Court applied this rule in *Girard* where the motion to amend was not made until the day of trial and proposed new and different causes of action. The Utah Supreme Court held that the trial court did not abuse its discretion in denying the motion to amend where the plaintiff was unable to state an adequate reason for the untimely motion and defendants claimed they would be prejudiced in their defense.

In this case, the consolidated actions were commenced in the summer and fall of 1983. In January 1984, Mr. Sallenback, as counsel for Lincove, Richard L. Buchanan and DeVerl Byington, filed an answer to the complaint. Thirteen months later and two weeks before the scheduled trial date,

Mr. Clarke, on behalf of Lincove, filed the motion to allow a counterclaim and motion to bring in third party defendants. Mr. Clarke attached an affidavit to the motions which explained that he had only been counsel on the case since December 17, 1984, and that his workload and family problems limited his ability to give the case his immediate attention. However, the motions failed to explain the thirteen month delay between filing the answer and filing these motions. Although Mr. Clarke had only been representing the parties for a short period of time, his partner, Mr. Sallenback, had filed Lincove's answer and had ample time to file the counterclaim and third party complaint. In addition, Lincove has failed to demonstrate with any particularity whatsoever that the court's failure to allow the amendments to the pleadings resulted in prejudice. Therefore, we find that the trial court did not abuse its discretion in denying the motions to allow a counterclaim and to bring in third party defendants which were filed two weeks before the scheduled trial date, where inadequate reasons for the untimely motion were presented and where the parties failed to demonstrate that the court's denial of the motions resulted in prejudice.

## IV.

■ The third issue is whether the court erred in denying Lincove's motion to set aside the partial summary judgment. In reviewing the court's original grant of summary judgment, we apply "the same analytical standard incumbent upon the trial court: the grant of such a motion (or the affirmance thereof) is appropriate only where there exist no genuine issues of fact relevant to the disposition of the claim underlying the motion." *L & A Drywall, Inc. v. Whitmore Constr. Co.,* 608 P.2d 626, 628 (Utah 1980).

On December 5, 1984, the trial court granted partial summary judgment in favor of Wayne Tripp and four defendants and against Lincove in accordance with Utah Code Ann. § 14–2–1 (1986). According to Utah Code Ann. § 14–2–1,

the owner of any interest in land entering into a contract, involving $2,000 or more, for the construction ... of any building, structure, or improvement upon land shall, before any work is commenced, obtain from the contractor a bond in a sum equal to the contract price.... Any person who has ... performed labor for or upon any such building ... or improvement, for which payment has not been made, has a direct right of action against the sureties upon such bond ... for the reasonable value of the materials furnished, or for labor performed, not exceeding the prices agreed upon.

Lincove did not dispute its failure to obtain a bond and did not oppose that portion of the motion for summary judgment. The court granted summary judgment only with regard to Lincove's failure to obtain the bond. On February 5, 1985, Lincove filed a motion to set aside the partial summary judgment pursuant to Utah R.Civ.P. 60(b). Supporting affidavits were filed by Mr. Clarke and Mr. Sallenback. Mr. Sallenback's affidavit stated he had received the various motions for summary judgment and that Richard and Lucille Buchanan and DeVerl Byington were "never apprised in the material developments on the project insofar as monies claimed by the subcontractors." Mr. Clarke's affidavit did not address whether disputed issues of material fact existed nor even the factual basis for the partial summary judgment. These documents fail to demonstrate that genuine issues of material fact existed precluding the grant of partial summary judgment. Therefore, we find no error in the court's refusal to set aside the partial summary judgment.

## V.

■ The fourth issue is whether the trial court erred in allowing into evidence the bank officer's testimony regarding the amount of interest due on the $1,120,000 loan. Lincove claims that the testimony was inadmissible hearsay. However, the trial judge admitted the testimony into evidence under the business records exception to the hearsay rule.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Utah R.Evid. 801(c). Business records which satisfy the requirements of Utah R.Evid. 803(6) will not be excluded as hearsay. Utah R.Evid. 803(6) states:

Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by ... a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the ... data compilation, all as shown by the testimony of the custodian....

At trial, Howard Carroll, executive vice president of Basin State Bank, testified that the total interest due and owing on the $1,200,000 loan was $336,330.47. Mr. Carroll testified that several lending institutions participated in the loan in differing amounts. Each lender submitted its computations to him over the telephone, and Mr. Carroll compiled the amounts. Mr. Carroll's testimony regarding each lender's computations of interest cannot qualify as a business records exception. The rule applies to written documents such as memoranda, records or reports and by its terms does not include oral statements. Further, it has generally been assumed in the judicial phrasing of the rule that the statement admissible under the rule must be written. *Wigmore on Evidence* § 1528 (3d ed. 1974). Finally, the Utah courts have consistently applied the rule to written assertions. *State v. Sutton*, 707 P.2d 681, 683 (Utah 1985); *Kehl v. Schwendiman*, 735 P.2d 413, 416 (Utah App.1987). In this case, no written data compilation or record indicating the amount of interest due on the loan was submitted at trial. Therefore, the trial court erred in allowing the oral testimony into evidence as a business records exception.

The judgment of the trial court is affirmed but the matter is remanded to the trial court with instructions to vacate the amount of interest due on the loan and award interest calculated at the legal rate as provided in Utah Code Ann. § 15-1-4 (1986).

Affirmed in part and remanded for entry of amended judgment.

ORME and JACKSON, JJ., concur.