**LePET, INC.; et al., Plaintiffs and Appellees,**

v.

**Thomas MOWER dba Images, Inc.; et al., Defendants and Appellants.**

**No. 910432–CA.**

Court of Appeals of Utah.

March 25, 1994.

Richard L. Halliday, Salt Lake City, for defendants-appellants.

Gary H. Weight, Provo, for plaintiffs-appellees.

Before Judges DAVIS, JACKSON and GARFF.[1]

DAVIS, Judge:

Defendant Thomas Mower, dba Images, Inc. (Images) appeals from a judgment entered against it and in favor of plaintiffs LePet, Inc., Virginia Belson and William Hatfield (LePet). Images also appeals the trial court's denial of its motion for leave to file a third party complaint. We reverse and remand.

## I. FACTS

Virginia Belson is president of LePet, a New Jersey corporation. William Hatfield was President of Hempco, an Arizona corporation.[2] On approximately February 13, 1987, LePet and Hempco entered into two regional distributorship agreements (Agreements) with the Utah-based Images, whereby LePet and Hempco received the exclusive right to sell Images products[3] in New Jersey and Arizona respectively. On or about that same date, LePet wired $40,000 to Images in Utah to purchase the distributorships. The money was to be used as credit to purchase Images products at forty-five percent of the retail price. The Agreements included a clause entitling LePet and Hempco to cancel the Agreements for any reason and return any Images product for a refund.

The Agreements were arranged by Tom Corbitt, Hatfield and Belson's brother-in-law,[4] who acted as the middleman in the creation of the parties' business relationship. Corbitt, who resides in Florida, had prior experience with Images's multilevel marketing operation. Corbitt placed product orders with Images on behalf of Hempco and LePet.

At about the same time that the Agreements were executed, Hempco and LePet received their first shipments of Images product from Utah. The cost of the shipments was credited against the $40,000 previously wired to Images. After inspecting packages received from Images, Hempco and LePet discovered that some of the product was either damaged or defective.

On August 21, 1987, the plaintiffs sent a Mailgram to Images in which they informed Images that they were exercising their option to rescind the Agreements. They stated that they wanted to return the product they

1. Senior Judge Regnal W. Garff, acting pursuant to appointment under Utah Code Ann. § 78–3–24(10) (1992).

2. Hempco is not a party to this lawsuit. Apparently, Hatfield is no longer its president.

3. Images's product line includes personal care and health products.

4. Hatfield and Belson are siblings: Corbitt is married to their sister.

had received and be refunded the cash balance remaining in the $40,000 account. In approximately October 1987, Hatfield travelled to Utah, returned product totalling approximately $19,814.39, and demanded a refund of all funds owed to the plaintiffs. Images refused to refund any money to LePet, claiming that the Agreements had been orally assigned to Corbitt and that Corbitt had received a refund and merchandise from Images exceeding the amount of credit that would otherwise be returned to LePet. Plaintiffs then filed an original complaint against Images on February 3, 1988, and an amended complaint on April 20, 1988.

Mower, on behalf of himself and Images, filed a pro se answer on May 3, 1988. A scheduling conference was held at which trial was set for September 16, 1988. Trial was subsequently continued until January 23, 1989. Some time in January 1989, Images retained counsel. Approximately one week before trial, Images's counsel contacted the court and sought permission to continue the trial again. Shortly thereafter, on February 8, 1989, Images moved the court for leave to file a third party complaint against Corbitt.[5] The court reset the trial once more, this time for April 11, 1989.

Images's proposed third party complaint was based on its claim that in approximately April of 1988, LePet and Hempco orally assigned the Agreements (and, presumably, the balance in the $40,000 account) to Corbitt, and Corbitt had received substantial amounts of product from Images that had been charged against the $40,000 account. Images also asserted that Corbitt cancelled the Agreements before LePet and Hempco did, and that Images sent a $16,000 refund check to Corbitt.[6] After the $16,000 refund was balanced against the amount of product retained by Corbitt, Images argued, it was owed money, not the other way around. Images also sought indemnification from Corbitt in the event the trial court entered judgment for LePet.

On approximately April 10, 1989, the trial court denied the motion to file a third party complaint, stating only "that it would create unreasonable delay in bringing this matter to trial." In the same memorandum decision, the court again continued the trial, this time to June 1, 1989.

At the June trial, the parties offered conflicting testimony about the existence of an assignment of the Agreements to Corbitt. Images claimed that Corbitt, Belson and Hatfield separately telephoned him and orally confirmed the assignment of the Agreements to Corbitt. Both Belson and Hatfield denied that they ever assigned their interest in the Agreements to Corbitt, or that they ever gave Corbitt permission to use their account to receive product in Florida. They also claimed they never telephoned Images about an assignment.

In its memorandum decision, the court determined that no valid assignment had been made to Corbitt and that LePet was entitled to judgment in the sum of $19,589.56. On appeal, Images claims the trial court erred by denying its motion for leave to file a third party complaint against Corbitt and to thereby join Corbitt as a party in the action. It also claims the trial court erroneously determined that the parties could not orally modify the terms of the Agreement to provide for and make the assignment to Corbitt. LePet counters that Images's appeal is frivolous and taken only to delay, and seeks attorney fees under Utah Rule of Appellate Procedure 33.

## II. FAILURE TO JOIN CORBITT

Images relies on Utah Rule of Civil Procedure 19(a), and to a lesser extent, Utah Rule of Civil Procedure 14(a) to support its claim that the trial court erred by prohibiting joinder of Corbitt via a third party complaint. Under Rule 14(a), a defendant may file a third party complaint against a person who is or may be liable to the defendant "[a]t any

---

5. Images also filed a counterclaim and motion to dismiss, neither of which are at issue in this appeal.

6. The $16,000 that Images refunded to Corbitt was subsequently turned over to LePet by Corbitt. LePet subtracted that amount from the total it claimed that Images owed to it under the Agreements.

time after commencement of the action." Rule 19(a) provides, in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of action shall be joined as a party in the action if (1) in his [or her] absence complete relief cannot be accorded among those already parties, or (2) he [or she] claims an interest relating to the subject of the action and is so situated that the disposition of the action in his [or her] absence may (i) as a practical matter impair or impede his [or her] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his [or her] claimed interest.

Images argues that Corbitt is a necessary party under Rule 19(a) because Corbitt's presence is essential to ensure that the issues are fully litigated and complete relief accorded among the parties. It claims that Corbitt's absence prevented it from thoroughly presenting evidence of the alleged oral assignment and placed it in the position in which it could neither resist LePet's claims nor receive payment (or credit) for goods shipped to Corbitt.

Normally, "a trial court's determination properly entered under Rule 19 will not be disturbed absent an abuse of discretion." *Seftel v. Capital City Bank,* 767 P.2d 941, 944 (Utah App.1989), *aff'd sub nom, Landes v. Capital City Bank,* 795 P.2d 1127 (Utah 1990). We therefore determine whether the trial court abused its discretion by denying Images the opportunity to join Corbitt in this action.

■ The basic purpose of Rule 19 is " 'to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations.' " *Landes,* 795 P.2d at 1130 (citing 7 Charles A. Wright, Arthur R. Miller

& Mary K. Kane, Federal Practice and Procedure: Civil § 1602, at 21 (2d ed. 1986)). When faced with a Rule 19 determination, a trial court must first decide whether a party is necessary under Rule 19(a). The trial court cannot proceed to the question of indispensability under 19(b) unless a party is first determined to be necessary under 19(a). *Id.; Seftel,* 767 P.2d at 945. A trial court's failure to follow the two-step analysis under Rule 19 constitutes error. *Seftel,* 767 P.2d at 945; *see also Landes,* 795 P.2d at 1130 (court erred by failing to discuss specific facts and reasoning leading to conclusion that party is or is not necessary or indispensable under Rule 19). However, that error is harmless "if, upon a review of the record, there is clear evidence to support the trial court's ultimate conclusion." *Seftel,* 767 P.2d at 945.

■ Here, the trial court denied Images's motion solely because joining Corbitt in the action would cause unnecessary delay. Under *Landes* and *Seftel,* without more, delay is not a proper reason to deny joinder under Rule 19.[7] Hence, the court erred by failing to engage in the required analysis under Rule 19. Therefore, our inquiry focuses on whether evidence exists in the record to support the court's ultimate conclusion that joinder was not required.

In determining whether a party is necessary, a court should first consider whether, in his or her absence, complete relief can be accorded among those already parties. Utah R.Civ.P. 19(a)(1); *Landes,* 795 P.2d at 1130. Second, a party is necessary if

he [or she] claims an interest relating to the subject of the action and is so situated that the disposition of the action in his [or her] absence may (i) as a practical matter impair or impede his [or her] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his [or her] claimed interest.

---

7. In *Tripp v. Vaughn,* 746 P.2d 794 (Utah App. 1987), this court affirmed the trial court's denial of a motion to allow a counterclaim and bring in a third-party defendant because of the defendant's unnecessary delay in filing the motion to do the same. That case applied Utah R.Civ.P.

15(a) and did not discuss Rule 19. However, *Seftel* and *Landes,* decided after *Tripp,* clearly state that when joinder of a third party is involved, the trial court must apply a Rule 19 analysis.

Utah R.Civ.P. 19(a)(2). Moreover, "under the language of [Rule 19(a)], if the [absent] party is necessary and joinder is feasible, then joinder is mandatory." *Landes*, 795 P.2d at 1131.

In this case, the issue is whether, under Rule 19(a)(1), complete relief could be accorded to Images and LePet without Corbitt being present. Images claims that it cannot receive complete relief without joining Corbitt because it cannot properly present its claim that the Agreements were assigned to him without hearing from Corbitt. Presumably, Corbitt would support either LePet's or Images's position about the alleged oral modification and assignment of the Agreements. Images notes that at trial, it was precluded on several occasions from presenting testimony of what Corbitt said or did under the hearsay rule. Images claims that its inability to assert a claim in the present action against Corbitt for the goods allegedly sent to Corbitt and charged to LePet's account leaves it exposed to liability to LePet without being able to offset that liability against amounts allegedly owed it by Corbitt.

We believe Images's claims are valid. Although Corbitt was not a party to the Agreements, he did act as Hempco's and LePet's agent and placed their initial orders with Images. Thus, there are several factual disputes on which Corbitt could have possibly shed light at the trial, and there is no way to determine whether the court's findings would have been the same had Corbitt been present and testified. Corbitt's absence very likely impeded Images's ability to put on its case. Also, Corbitt's absence likely hampered Images's ability to receive complete relief in the action, and instead forced it to sue Corbitt in a separate action if it wanted to attempt to recover for the goods allegedly shipped to

Corbitt. Conversely, little, if anything, in the record supports the trial court's ultimate conclusion that Corbitt was not a necessary party.

■ Accordingly, we hold that the trial court failed to conduct the proper analysis under Rule 19 and that the record does not support a conclusion that Corbitt was not a necessary party. The trial court therefore abused its discretion by denying Images's motion for leave to file a third party complaint joining Corbitt. The case is remanded so that Images may join Corbitt in this action if joinder is feasible.[8] If so, then joinder is mandatory. *Landes*, 795 P.2d at 1131. If joinder is not feasible, the trial court must then determine whether Corbitt is indispensable under Rule 19(b). *Id.* at 1130.

Because we reverse and remand on the joinder issue, we do not reach Images's claim concerning the legal sufficiency of the trial court's memorandum decision. We have considered LePet's claim for attorney fees, and find it to be without merit.

## III. CONCLUSION

The trial court erred by denying Images's motion to file a third party complaint joining Corbitt in this action because the court did not engage in the required analysis under Utah Rule of Civil Procedure 19. The record does not support a determination that Corbitt is not a necessary party to this action under Rule 19(a). The trial court's error is therefore reversible. Because we reverse due to the failure to join Corbitt, we do not reach Images's claim regarding the legal sufficiency of the trial court's memorandum decision. Finally, LePet's claim for attorney fees on appeal lacks merit. We reverse and

8. By "feasible," we mean Images must demonstrate that Corbitt is subject to service of process and that his joinder will not deprive the court of jurisdiction. Utah R.Civ.P. 19(a). Although Rule 19(a) begins by addressing the issue of whether the absent party may be served and whether his or her joinder will deprive the court of jurisdiction, typically this consideration takes place after a court has first determined that the absent party is necessary. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 108–09, 88 S.Ct. 733, 737, 19 L.Ed.2d 936

(1968) (addressing feasibility of joining absent party after determining that such party met other criteria under Fed.R.Civ.P. 19(a)); *Landes*, 795 P.2d at 1132 (declining to address feasibility issue because absent party was not necessary under Rule 19(a)); Fed.R.Civ.P. 19 advisory committee's note (suggesting that issue of whether party is amenable to process and whether his or her joinder will deprive court of jurisdiction is properly considered after determination of party's necessity).

remand for proceedings consistent with this opinion.

JACKSON and GARFF, JJ., concur.