UTAH COUNTY, a body politic,
Plaintiff and Respondent,

v.

Kenneth J. YOUNG and Melva E.
Young, his wife, Defendants
and Appellants.

No. 16480.

Supreme Court of Utah.

Aug. 4, 1980.

Kent B. Scott, John Preston Creer, and Brent Ward of Senior & Senior, Salt Lake City, for defendants and appellants.

Noall T. Wootton, Utah County Atty., Guy Burningham, Deputy County Atty., Provo, for plaintiff and respondent.

MAUGHAN, Justice:

Defendants appeal from a decree of the district court permanently enjoining the use of their premises in Benjamin, Utah, as a commercial facility including but not limited to its use for a commercial auction. The decree of the trial court is affirmed. No costs awarded.

Defendants' property is zoned for agricultural use only. Defendants erected a structure which resembled a barn but was equipped on the inside with an auction block, bleachers, and other equipment appropriate for the conduct of commercial auctions. Defendants named their business the "Auction Barn" and commenced conducting auctions approximately in the spring of 1974. Defendants were denied a business license by plaintiff, Utah County, because the property was not zoned for commercial use. Defendants sought a change in the zoning and subsequently a variance; both were denied. Kenneth J.

Young, one of the defendants, was prosecuted in a misdemeanor action for conducting auctions on the premises. He was found guilty and fined $100.00. When defendants persisted in conducting this commercial activity in disregard of the agricultural zoning, plaintiff initiated this proceeding to enjoin uses in violation of the zoning.

Defendants applied for a building permit on March 24, 1972. The permit was issued for the purpose of constructing a barn, estimated at a value of $1600. The type of construction was designated as "J." This is the symbol for barns, sheds, outbuildings, and other non-residential or non-public uses. Defendant, Ken Young, purchased an old building, which he disassembled and transported to his property in Benjamin, which the Youngs had owned for a number of years. He established the foundations and erected the building. He installed plumbing which was appropriate for two public restrooms. The wiring he installed was in compliance with the requirements for a commercial building. According to Youngs, the type and quality of plumbing and wiring they used was required by the building inspector, who knew of the intended commercial use of the building and required adherence to the standards of such use set forth in the building code. The structure cost approximately $23,000.

The Youngs concede the validity of plaintiff's zoning ordinances, which restrict the land use where they have conducted their commercial activities. Their defense both before the trial court and on appeal was predicated on a theory of estoppel, viz., the County, through its building inspector, had notice of defendants' intention to use the building for commercial purposes and failed to inform him of the illegality of such use until December 1973, when the building was substantially completed. According to defendants, under such circumstances, a court of equity may refuse to enjoin violations of zoning laws.

This matter was tried by an advisory jury. Seventeen interrogatories were sub-

mitted to this body. The following includes the more significant questions and answers:

Q. Did the actions of the plaintiff's agents and employees lead the defendants to believe that they had applied for and received a permit to build a commercial building?

A. No.

Q. Did plaintiff, through its agents and employees lead the defendants to believe that the building permit issued entitled them to a commercial use of the barn on its completion?

A. No.

Q. Did Ken Young communicate to the building inspector his intention to erect a structure which was to be used for commercial purposes?

A. Yes.

Q. Did defendants know, prior to the time they began construction, that a commercial use would not be permitted under the then existing zoning ordinance?

A. Yes.

Subsequently, the trial court found that at the time the defendants applied for the building permit and continuing through the construction of the structure and their commercial use thereof, they knew that such a use would not be permitted under the zoning laws, and no agent or employee of Utah County led them to believe otherwise. The trial court stated:

"The only defense presented by the defendants was that they were entitled to the application of equitable principles to prevent the county from enjoining his use and operation of the land as a commercial 'Auction Barn' because of claimed misleading acts inducing his belief that on completion of the structure he would be entitled to commercial use of it. The findings of the advisory jury, concurred in by the Court, do not support any such misleading action, and to the contrary establish that the defendants well-knew the zoning restrictions, and that they pre-

cluded commercial use of the structure. Therefore, the rules of equity do not assist them in their claim and the right of plaintiff to a permanent injunction prohibiting further commercial use of the property is granted by the Court."

On appeal defendants rely exclusively on the principles set forth in *Salt Lake County v. Kartchner*.[1] Defendants claim that a zoning authority may be denied the harsh equitable remedy of an injunction in a zoning matter when the equities so require, and under the facts of this case Utah County should have been denied a permanent injunction.

In *Kartchner*, this court ruled that under exceptional circumstances, estoppel, waiver, or laches may constitute a defense to a suit for relief against alleged violations of zoning laws. A court has discretion in the exercise of its equitable powers and may deny injunctive relief against the violation of a zoning ordinance. If the granting of an injunction would be inconsistent with basic principles of justice and equity, it may be denied, although it is within the scope of relief available in equity courts to enjoin violations of zoning laws. In *Kartchner*, this court held that the discriminatory manner in which the ordinance had been enforced by Salt Lake County was a sufficient ground to deny equitable relief.

In the instant case, defendants concede there is no basis to allege discriminatory enforcement. They contend the evidence established, contrary to the finding of the advisory jury and the court, that defendants did not know of the zoning violation until December 1973, when during the final inspection of the structure they were so informed by the county building inspector. The evidence in the record concerning defendants' knowledge was in conflict. Included therein are admissions by Ken Young that he knew at the time he pro-

cured the building permit that eventually he had to secure a zoning change. The record completely substantiates the findings of the advisory jury and the court as to defendants' knowledge.

In the alternative, defendants contend that although they had knowledge of the zoning laws, Utah County is estopped by the acts and omissions of the building inspector.

In response to such a claim, first and foremost, the advisory jury and court found defendants were not misled by the agents and employees of plaintiff. Second, the structure, itself, which resembles a barn, does not violate the zoning laws; it is only the commercial use thereof that is proscribed. Third, as a matter of law, estoppel may not be used as defense by one who has acted fraudulently, or in bad faith, or *with knowledge*.[2]

In *Kiker v. City of Riverdale*[3] the court ruled that the municipality, by issuing a building permit and business license was not estopped from obtaining injunctive relief for a use not authorized by the zoning ordinance. The application for the building permit did not indicate the proposed use and the defendants were advised of the zoning restrictions before they proceeded with the construction of the building.

■ The requisites for invoking the doctrine of equitable estoppel in a zoning case are set forth in *Pasco County v. Tampa Development Corporation*.[4] To invoke the doctrine the county must have committed an act or omission upon which the developer could rely in good faith in making substantial changes in position or incurring extensive expenses. The action upon which the developer claims reliance must be of a clear, definite and affirmative nature. If the claim be based on an omission of the local zoning authority, omission means a negli-

1. Utah, 552 P.2d 136 (1976).

2. 8A McQuillin, Municipal Corporations (3rd ed. Rev.), Sec. 25.349, p. 517.

3. 223 Ga. 142, 154 S.E.2d 17 (1967).

4. Fla.App., 364 So.2d 850 (1978).

gent or culpable omission where the party failing to act was under a duty to do so. Silence or inaction will not operate to work an estoppel. Finally, and perhaps most importantly, the landowner has a duty to inquire and confer with the local zoning authority regarding the uses of the property that would be permitted.[5]

The case of *Maloof v. Gwinnett County*[6] is substantially similar to the instant one. The land owner was granted a building permit to build a "storage building, workshop and barn combination." The landowners, the Maloofs, built and thereafter operated a commercial dog kennel in violation of the zoning laws. Mr. Maloof testified that he went to the zoning committee and talked to someone in the office and informed him of his intent to build a dog kennel and breed and board dogs. He claimed someone gave him verbal permission, and he thereafter constructed a building, costing $10,000. The trial court enjoined the Maloofs from continuing to operate a commercial kennel upon their premises. The court ruled the operation of a kennel for private use was not prohibited under the zoning regulations.

The Maloofs appealed, contending the county should be estopped to enjoin their operation of the kennel. The court stated:

"The appellants in the present case did not receive a building permit authorizing them to construct a commercial dog kennel. At the time the kennel was built the zoning regulations of Gwinnett County did not permit the operation of a commercial kennel on their property, and they would be presumed to know this fact. Since the zoning regulations did not prohibit the construction of a private kennel on the appellants' property, the erection of the kennel did not put the county authorities on notice that the zoning regulation was being violated. . ."

Based on the foregoing, the court ruled that the trial judge had not abused his discretion in holding the county was not estopped from seeking injunctive relief.

■ Here, a review of the record indicates no basis upon which to rule the trial court abused its discretion in granting the plaintiff injunctive relief. The essential elements of an equitable estoppel are missing, and defendants have not shown any other exceptional circumstances sufficient to constitute a defense to the enforcement.

CROCKETT, C. J., and WILKINS, HALL and STEWART, JJ., concur.

---

5. Also see *City of Mercer Island v. Steinmann*, 9 Wash.App. 479, 513 P.2d 80 (1973); *City of Greeley v. Ells*, 186 Colo. 352, 527 P.2d 538 (1974); *City of Marseilles v. Hustis*, 27 Ill. App.3rd 454, 325 N.E.2d 767 (1975).

6. 231 Ga. 164, 200 S.E.2d 749, 751 (1973).