Michael LANDES, Sidney Seftel, and Theresa Seftel, Plaintiffs and Petitioner,

v.

CAPITAL CITY BANK, a Utah corporation, Defendant and Respondent.

CAPITAL CITY BANK, a Utah corporation, Counterclaimant,

v.

Michael LANDES, Sidney Seftel, Theresa Seftel, Utah State Tax Commission, Crossroads Plaza Associates, a Utah joint venture and general partnership, Young Electric Sign Company, a Utah corporation, and Olympus Hills Shopping Center, Ltd., a Utah limited partnership, Counterclaim Defendants.

No. 890067.

Supreme Court of Utah.

July 10, 1990.

Daniel W. Jackson, David M. Connors, Salt Lake City, for Michael Landes.

Herschel J. Saperstein, Steven T. Waterman, Salt Lake City, for Capitol City Bank.

ZIMMERMAN, Justice:

Petitioner Michael Landes challenges a decision of the court of appeals upholding a grant of summary judgment in favor of respondent Capital City Bank ("Capital") on a guarantee agreement, signed by Landes and the other plaintiffs, that was appurtenant to a note held in part by the Small Business Administration ("SBA"). Landes had opposed the grant of summary judgment on grounds that, inter alia, the SBA was an indispensable party. The trial court disagreed. Before the court of appeals, Landes argued that the trial court failed to explain adequately its conclusion that the SBA was not indispensable under rule 19 of the Utah Rules of Civil Procedure. The court of appeals held that the trial court erred by failing to explain its rule 19 analysis, but performed its own analysis and upheld the trial court's decision on the ground that the SBA was, in fact, not an indispensable party. On certiorari, Landes again raises the rule 19 issue, this time contending that the court of appeals' analysis is flawed. We hold that the court of appeals misanalyzed the facts under rule 19, but we affirm on grounds that the SBA is not a necessary party.

On December 24, 1979, Bagel Nosh Intermountain, Ltd. ("Bagel Nosh"), executed a promissory note in favor of Capital in the amount of $300,000. The SBA participated in the note by guaranteeing 90 percent of the outstanding unpaid balance. Sidney Seftel, Theresa Seftel, and Michael Landes ("guarantors") executed personal guaranties for the note, secured by trust deeds to certain condominium units at Snowbird, a ski resort in Utah. The guaranties were on SBA forms and were executed in favor of both Capital and SBA. On March 30, 1983, after Bagel Nosh had fallen several months behind in payments, Capital and Bagel Nosh executed a modification of the loan agreement, in which the guarantors agreed personally to guarantee the full amount of the loan.[1]

On November 29, 1984, Bagel Nosh filed a voluntary petition for bankruptcy under chapter 11 of the bankruptcy code. On March 12, 1986, the guarantors filed this action in the district court, naming Capital as defendant and seeking a declaratory judgment that the guaranties were void and that the guarantors were discharged from any obligation under the guaranties. Capital filed an answer and a counterclaim, seeking a judgment against the guarantors for the outstanding balance of the loan plus interest. Capital also sought judicial foreclosure against the real property and a declaration that the claims of other creditors were subordinate to Capital's claims.

On July 25, 1986, Capital filed a motion for summary judgment, claiming that the guaranties entitled Capital to judgment as a matter of law. With its motion, Capital submitted the affidavit of M.A. Allem, executive vice president of Capital, in which he stated that the "SBA is a participating lender in the loan of Capital City to Bagel Nosh to the extent of ninety percent (90%) of the outstanding balance."

In response, the guarantors argued that Capital was entitled to sue only on its proportionate share of the loan, which was 10 percent. The guarantors contended that the SBA held a 90 percent interest in the loan and, therefore, that the SBA was a necessary and indispensable party to the action. The guarantors also argued that summary judgment was improper because a genuine issue of fact existed with regard to the effect of the loan modification agreement.

On September 5th, Capital filed a supplemental affidavit of Mr. Allem in which he stated, "Capital City is the legal holder of the note and guaranties ... and has been authorized in writing by SBA to sue upon the note and guaranties and accelerate the maturity thereof."

On February 4, 1987, the trial court granted Capital's motion for summary

---

1. The Loan Restructure Agreement stated: Sidney Seftel and Michael Landes personally guarantee the Bank's loan to the Borrower. Each is personally liable for the entire indebtedness to the Bank. Each agrees to provide the Bank by February 28th of each year a current personal financial statement as specified in the loan agreement dated December 24, 1979.

judgment. The court awarded Capital a judgment for the full amount of the loan plus interest, $293,379.64, and issued a decree of foreclosure against the condominium units. In granting summary judgment, the trial court addressed several of the guarantors' arguments, including the effect of the loan modification agreement. The trial court, however, did not address the issue of any legal distinction that might exist between the 10 percent portion of the loan attributable to Capital and the 90 percent portion attributable to the SBA. The trial court also treated the issue of the indispensability of the SBA's joinder summarily, stating:

> Plaintiffs have further alleged that an indispensable party, the Small Business Administration, has not been joined. That defense is without merit. In the first instance, the defense has not been pled, [sic] but additionally, the SBA is not under the present interpretation of the Rules of Procedure an indispensable party to this action.

The guarantors appealed, and the court of appeals affirmed. *See Seftel v. Capital City Bank,* 767 P.2d 941 (Utah Ct.App. 1989). The court of appeals held that the trial court erred in failing to explain the basis for its conclusion that the SBA was not indispensable under rule 19. The court of appeals nevertheless affirmed the trial court on grounds that the SBA was not indispensable to the action, but it did so without first addressing the preliminary rule 19(a) issue of whether the SBA was a necessary party.

Landes petitioned for certiorari, contending that the court of appeals erred by failing to consider the issue of whether the SBA was a necessary party before determining that the SBA was an indispensable party. We granted certiorari and now affirm.

We note at the outset the procedural posture of this case. It comes to us on certiorari from the court of appeals, which considered Landes's appeal from a grant of summary judgment. Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Utah State Coalition of Senior Citizens v. Utah Power & Light,* 776 P.2d 632, 634 (Utah 1989); *Geneva Pipe Co. v. S & H Ins. Co.,* 714 P.2d 648, 649 (Utah 1986). We accord no particular deference to conclusions of law, whether made by the trial court or the court of appeals, but review such conclusions for correctness. *Madsen v. Borthick,* 769 P.2d 245, 247 (Utah 1988).

Landes argues that the court of appeals erred by failing to add the SBA as a necessary party. He asserts that under a proper rule 19 analysis, a trial court should first determine whether a party is necessary under the criteria of rule 19(a). If the party is necessary and can be joined, the rule requires that the party be joined. Landes argues that a court must first find that a party is necessary before it proceeds to the issue of indispensability; therefore, because the court of appeals based its disposition of his appeal on the issue of indispensability, it must have held that the SBA was a necessary party, even though that holding was not articulated in the decision. Landes argues further that because joinder of the SBA was feasible, it was also mandatory under rule 19(a). Therefore, he argues, the court of appeals erred by failing to require joinder of the SBA.

In response, Capital argues that the SBA is not a necessary party because the SBA authorized Capital to assert SBA's rights under the guaranty. Alternatively, Capital argues that the court of appeals used the terms "necessary" and "indispensable" interchangeably.

Because the disposition of this case turns on rule 19(a) of the Utah Rules of Civil Procedure, we set it forth here:

> (a) Persons to be joined if feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject of action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action

in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

Utah R.Civ.P. 19(a). Rule 19(b), which deals with indispensable parties and is also at issue, states:

(b) Determination by court whenever joinder not feasible. If a person as described in Subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measure, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Utah R.Civ.P. 19(b).

■ Rule 19 of the Utah rules is essentially similar to rule 19 of the Federal Rules of Civil Procedure. Therefore, in addition to applicable Utah cases, we look to the abundant federal experience in the area for guidance. *See Pate v. Marathon Steel Co.*, 692 P.2d 765, 767 n. 1 (Utah 1984).

■ The basic purpose of rule 19 is "to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations." 7 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1602, at 21 (1986) [hereinafter C. Wright, A. Miller, & M. Kane]; *see Kemp v. Murray*, 680 P.2d 758, 760 (Utah 1984) ("[B]y requiring joinder of necessary parties, rule 19(a) protects the interests of parties who are present by precluding multiple litigation and contradictory claims over the same subject matter as the original litigation...."). In performing a rule 19 analysis, the court should discuss specific facts and reasoning that lead to the conclusion that a party is or is not necessary under rule 19(a) or indispensable under rule 19(b). *See Manygoats v. Kleppe*, 558 F.2d 556, 559 (10th Cir.1977). Thus, the court of appeals was correct in holding that the trial court erred by failing to discuss the facts and reasoning, within the framework of rule 19, by which it made its determination of indispensability.

■ We next address the issue of whether the SBA was a necessary and indispensable party and therefore should have been joined in the action. To determine whether the court of appeals erred by declining to join the SBA, we must first determine whether the SBA was a necessary party under rule 19(a). Only if we first find the SBA to be a necessary party can we properly proceed to the 19(b) question of indispensability. To this extent, Landes is correct in observing that the court of appeals improperly considered indispensability without first deciding the necessary party question.

■ To determine whether a party is necessary, a court should consider the two general factors in rule 19(a). First, a party is necessary if "in his absence complete relief cannot be accorded among those already parties." Utah R.Civ.P. 19(a)(1). Second, a party is necessary if

he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Utah R.Civ.P. 19(a)(2). If the court finds that the party is necessary according to these criteria, rule 19 provides that the party "shall be joined." Thus, under the language of the rule, if the party is necessary and joinder is feasible, then joinder is mandatory. Nevertheless, failure to join generally is not considered to be a jurisdictional defect. *See* 7 C. Wright, A. Miller, & M. Kane, § 1611.[2]

We must therefore first address rule 19(a)(1) to determine whether in the absence of the SBA complete relief can be accorded among the guarantors and Capital. As the court of appeals noted, the supplemental affidavit of M.A. Allem states that Capital "has been authorized in writing by SBA to sue upon the note and guaranties and accelerate the maturity thereof." [3] This statement was not contradicted or challenged by the guarantors and must be accepted as an uncontested fact for purposes of summary judgment. Utah R.Civ.P. 56(e).

With this foundation, it is clear that the absence of the SBA will not prevent Capital from obtaining complete relief. Likewise, because the SBA authorized Capital to sue on the note and the guaranties, the absence of the SBA does not prevent the guarantors from obtaining complete relief. Capital was authorized to stand in the place of the SBA, and the guarantors were entitled to assert any claims or defenses they would have been able to assert against the SBA. Joining the SBA as a party would be redundant.

Landes asserts that the failure to join the SBA at the trial court level deprived him of the opportunity to assert certain defenses against the unsecured 90 percent portion of the loan held by the SBA and caused him to suffer collateral damages. This argument fails for two reasons. First, the substance of Landes's argument is that the unsecured portion of the claim, held originally by the SBA, should be treated differently with respect to the property that secured the note. In regard to this argument, joinder of the SBA does not help Landes because, as mentioned above, the SBA has authorized Capital to sue on the note and guaranties and, in effect, to represent the SBA's interest in the case. Merely adding the SBA would not change the underlying action, regardless of whether the unsecured portion of the note was treated differently.

Second, Landes has failed to articulate before the trial court, the court of appeals, or this court what specific defenses he may have to the SBA claim. He has similarly failed to specify any collateral damages he has suffered by reason of the SBA's absence. Thus, we have no grounds for saying that the guarantors cannot obtain complete relief in the absence of the SBA, and we therefore cannot find the SBA necessary under the rule 19(a)(1) test.

■ We next address rule 19(a)(2) to determine whether the SBA is a necessary

---

**2.** *See, e.g., Elmendorf v. Taylor,* 23 U.S. (10 Wheat.) 152, 166–67, 6 L.Ed. 289 (1825); *Graf v. Elgin, Joliet & E. Ry.,* 697 F.2d 771, 775 (7th Cir.1983); *Jim Walter Corp. v. Federal Trade Comm'n,* 625 F.2d 676, 681 (5th Cir.1980); *Clarkson Co. v. Shaheen,* 544 F.2d 624, 628 (2d Cir.1976); *Warner v. First Nat'l Bank of Minneapolis,* 236 F.2d 853, 857 (8th Cir.), *cert. denied,* 352 U.S. 927, 77 S.Ct. 226, 1 L.Ed.2d 162 (1956); *Pioche Mines Consol., Inc. v. Fidelity–Philadelphia Trust Co.,* 202 F.2d 944, 946 (9th Cir.), *cert. denied,* 346 U.S. 899, 74 S.Ct. 225, 98 L.Ed. 400 (1953); *Dyer v. Stauffer,* 19 F.2d 922, 922 (6th Cir.), *cert. denied,* 275 U.S. 551, 48 S.Ct. 114, 72 L.Ed. 421 (1927); *Rippey v. Denver U.S. Nat'l Bank,* 42 F.R.D. 316, 318–19 (D.Colo.1967).

**3.** In his affidavit, Mr. Allem stated:
   5. Pursuant to paragraph 6 of the SBA Participation Guaranty, Capital City is the holder of all loan instruments, which in this case includes the note executed by Bagel Nosh Intermountain, Ltd., on December 24, 1979, ... and the Guaranty Agreements of even date executed by Sidney Seftel and Theresa L. Seftel and Michael S. Landes ... and until those instruments are transferred to SBA, Capital City is entitled to sue upon the loan instruments including acceleration of the maturity of the note and guaranties provided Capital City has obtained the written consent of SBA.
   6. Capital City is the legal holder of the note and guaranties involved in this action, and Capital City has not transferred the note or guaranties to SBA and has been authorized in writing by SBA to sue upon the note and guaranties and accelerate the maturity thereof.

party because it

claims an interest relating to the subject of the action and is so situated that the disposition of the matter in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave [either Capital or the guarantors] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [its] claimed interest.

Utah R.Civ.P. 19(a)(2). With regard to the subpart (i) issue, SBA has authorized Capital to represent the SBA's interest in this matter. Furthermore, SBA has not complained about the nonjoinder, but rather has supported Capital in pursuing this action. Thus, we cannot say that the SBA is situated such that the disposition of the matter in the absence of the SBA might impair or impede the SBA's ability to protect its interest.

Under the subpart (ii) analysis, we likewise detect no danger of multiple or otherwise inconsistent judgments. The absence of the SBA does not subject Capital to a risk of multiple litigation. Similarly, the guarantors are not subject to a risk of multiple or inconsistent obligations because the SBA has authorized Capital to sue on the note and guaranties and thus to represent SBA's interest before the trial court. The trial court granted Capital a judgment based on the entire outstanding balance of the note; regardless of whether the guarantors might have independent defenses or claims against the SBA, the SBA could have no remaining cause of action against the guarantors once the underlying note was satisfied.

For these reasons, we find that the SBA was not a necessary party under rule 19(a). We therefore need not address the issue of whether joinder was feasible.

We next address the issue of indispensability. Only if a party is found necessary

under the rule 19(a) analysis and the party cannot feasibly be joined does a court need to analyze indispensability under rule 19(b).[4] Because the SBA is not a necessary party, there is no reason for us to address the issue of indispensability.

As the foregoing demonstrates, the court of appeals correctly held that the trial court erred in failing to explain its reasons for concluding that the SBA was indispensable. The court of appeals erred in its analysis, however, because it addressed the issue of indispensability without first addressing the necessary party issue. The issue of indispensability does not arise unless the court determines, first, that the party is necessary and second, that the party cannot feasibly be joined.

Finally, we note that if Landes had been concerned about the absence of the SBA, he could have included the SBA as a defendant in the original complaint or he could have requested leave to amend under rule 15 of the Utah Rules of Civil Procedure to add the SBA as a defendant. Rule 15 expressly favors amendment, stating that "leave [to amend] shall be freely given when justice so requires." Utah R.Civ.P. 15(a). Having himself failed to join the SBA, Landes cannot now complain that the court's failure to require joinder of the SBA is reversible error. *See Price–Orem Investment Co. v. Rollins, Brown & Gunnel,* 713 P.2d 55, 60 (Utah 1986).

Based on the foregoing analysis, we conclude that the SBA was not a necessary party. The decision of the court of appeals is therefore affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.

---

**4.** Rule 19(b) analysis involves questions of equity and therefore is committed to the discretion of the court. *See* Utah R.Civ.P. 19(b) (court to "determine whether in equity and good conscience the action should proceed among the parties before it"); *see also* 7 C. Wright, A. Miller, & M. Kane, §§ 1607, 1611. The analysis is basically a balancing of the inequities that would result from proceeding without the non-

joined party, specifically including the four factors of rule 19(b). Based on these factors, a trial court has the discretion to proceed without the party or to dismiss the action for failure to join an indispensable party. *See Bonneville Tower Condominiums Management Comm. v. Thompson Michie Assocs.,* 728 P.2d 1017, 1020 (Utah 1988).