Mary Ann **WERNER–JACOBSEN** and Dennis N. Jacobsen, Plaintiffs and Appellants,

v.

Karen **BEDNARIK**, Defendant and Appellee.

No. 960321–CA.

Court of Appeals of Utah.

Oct. 9, 1997.

---

Louise T. Knauer, Salt Lake City, for Plaintiffs and Appellants.

Annette T. Jan and Michael A. Zody, Salt Lake City, for Defendant and Appellee.

Before WILKINS, GREENWOOD and JACKSON, JJ.

## OPINION

WILKINS, Associate Presiding Judge:

Mary Ann Werner–Jacobsen, Dennis N. Jacobsen's present wife, appeals the trial court's decision to join her as a party under Rule 19 to the action initiated against Jacobsen by his former wife, Karen Bednarik, seeking to modify their divorce decree. We reverse.

## BACKGROUND

Karen Bednarik and Dennis N. Jacobsen married in 1979 and later had two children, both of whom are now emancipated. In 1981, Bednarik and Jacobsen divorced. As part of the divorce decree, the court ordered Jacobsen to pay child support. Since that order, Jacobsen has only sporadically paid his child support obligation and has had several judgments for child support arrears entered against him in favor of Bednarik.

Jacobsen's financial history includes bankruptcy, mortgage foreclosures, property liens, and a substantial unpaid tax obligation. In 1989, Jacobsen was injured in an automobile accident. Jacobsen alleges this injury forced him to stop driving trucks for a living and, as a result, his income decreased.

**746**

In June 1990, Jacobsen married Mary Ann Werner. Because of Jacobsen's financial history, he and Werner–Jacobsen allegedly agreed to keep their property separate. Consistent with this agreement, Werner–Jacobsen bought a home using money she claims her brother gave to her. Jacobsen asserts that he did not contribute financially to the purchase of the home. In addition, since her marriage to Jacobsen, Werner–Jacobsen began a business, Jordan Valley Cab, that operates a number of vehicles. Jacobsen alleges that the vehicles were bought solely with Werner–Jacobsen's assets and that he has no ownership interest in the business or in any of Werner–Jacobsen's bank accounts, property, or other assets.

In January 1996, Bednarik filed a petition to modify the divorce decree. Bednarik requested sole custody of the minor children, reasonable visitation for Jacobsen, an order requiring Jacobsen to pay child support and maintain insurance and medical coverage for both children, an order increasing Jacobsen's child support obligation, and attorney fees. In February 1996, the trial court granted Bednarik's motion, increased Jacobsen's child support obligation, and entered a new judgment for child support arrears against him.

At the same time, Bednarik filed a motion to join Werner–Jacobsen as a party, under Rule 19 of the Utah Rules of Civil Procedure, asserting the alter ego theory as basis for Werner–Jacobsen's joinder. No oral argument was taken on the motion. In March 1996, the trial court granted the motion "for the reasons set forth in the supporting Memoranda," without making any specific findings to support its decision. Werner–Jacobsen filed a petition for interlocutory appeal to this court, which we granted.

## STANDARD OF REVIEW

■■■ '[A] trial court's determination properly entered under Rule 19 will not be disturbed absent an abuse of discretion.' " *LePet, Inc. v. Mower,* 872 P.2d 470, 473

(Utah Ct.App.1994) (quoting *Seftel v. Capital City Bank,* 767 P.2d 941, 944 (Utah Ct.App. 1989), *aff'd sub nom., Landes v. Capital City Bank,* 795 P.2d 1127 (Utah 1990)).

## ANALYSIS

Werner–Jacobsen appeals her joinder as a necessary party to Bednarik and Jacobsen's divorce modification action on three grounds: (1) the trial court failed to make the required findings under Rule 19; (2) the alter ego doctrine cannot be used to reach her assets in contravention of the Utah Constitution and Utah law; and (3) a stepparent's assets cannot be considered in establishing child support.

In response, Bednarik challenges Werner–Jacobsen's standing to appeal her joinder as a party. In addition, Bednarik asserts the trial court properly joined Werner–Jacobsen as a party under Rule 19 based on the alter ego doctrine. In the alternative, Bednarik asserts that this court can affirm the trial court's decision based on either Jacobsen's allegedly fraudulent conveyance of his assets to Werner–Jacobsen, or Werner–Jacobsen's duty to support her stepchildren under Utah Code Ann. § 78–45–4.1 (1996).

### I. Standing

■■■ Bednarik claims that Werner–Jacobsen lacks standing to appeal her joinder to the action because she should have filed a Motion to Quash and to Dismiss rather than filing an appeal to this court. We disagree. Under Rule 5(a) of the Utah Rules of Appellate Procedure, an interlocutory appeal may be sought by "any party" within twenty days of entry of the interlocutory order. Once the trial court entered the order joining Werner–Jacobsen, she became a party to the action and thus had standing under Rule 5(a).

### II. Rule 19 Joinder

■■■ Rule 19 of the Utah Rules of Civil Procedure[1] governs the joinder of necessary

1. Rule 19(a) of the Utah Rules of Civil Procedure provides:

(a) *Persons to be joined if feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdic-

tion over the subject of action shall be joined as a party in the action if (1) in his [or her] absence complete relief cannot be accorded among those already parties, or (2) he [or she] claims an interest relating to the subject of the

and indispensable parties. A "necessary" party under Rule 19 is one whose presence is required for a full and fair determination of his or her rights as well as the rights of other parties to the suit. *See* Utah R. Civ. P. 19(a); *see also Landes,* 795 P.2d at 1130 (stating basic purpose of Rule 19 is " 'to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations' " (citation omitted)). The issue of indispensability under Rule 19(b) need not be addressed unless the court finds that a party is necessary, but that joinder is not feasible. *See Landes,* 795 P.2d at 1132. Therefore, because we determine that Werner–Jacobsen was not a necessary party, we need not address the feasibility of joinder or the issue of indispensability.

 In determining whether a party is necessary, the trial court must consider two questions: (1) In the party's absence, can complete relief be accorded among those already party to the action; and (2) Does the party to be joined claim an interest relating to the subject of the action such that the party's absence may impair or impede his or her ability to protect that interest ·or leave any ,other party to the action subject to a substantial risk of incurring multiple or inconsistent obligations. *See* Utah R. Civ. P. 19(a)(1), (2); *see also Landes,* 795 P.2d at 1130. In considering these questions, the court is required to identify the specific facts and reasoning that support its conclusion that a party is or is not necessary under Rule 19(a). *See Landes,* 795 P.2d at 1130. A trial court's failure to perform the proper analysis and make the required findings is error. *Id.* at 1130; *LePet,* 872 P.2d at 473. However, "if, upon a review of the record, there is clear evidence to support the trial court's ultimate conclusion," these failures are harmless error, and the trial court's ruling may be affirmed. *Seftel,* 767 P.2d at 945.

In this case, the district court ordered Werner–Jacobsen joined as a party "for the reasons set forth in the supporting memoranda" without discussion or analysis. The trial court provided no findings, no analysis, and gave no reasoning in support of either its implicit conclusion that Werner–Jacobsen is a necessary party or its ultimate decision to order Werner–Jacobsen's joinder to the action. As a result, we hold that the trial court erred in failing to follow Rule 19's required analysis and in failing to provide any findings or reasoning to support its decision. Therefore, our inquiry focuses on whether "the reasons set forth in the supporting memoranda" support the trial court's ultimate conclusion to join Werner–Jacobsen as a party.

The supporting memoranda on which the trial court relied advanced only the theory that Werner–Jacobsen was Jacobsen's "alter ego." In support of this theory, Bednarik alleged that Jacobsen was hiding behind the "separate legal entity of his wife's [Werner–Jacobsen's] name in an effort to avoid child support orders and judgments against him." Thus, Bednarik alleged that Werner–Jacobsen's joinder to the action was required to ensure an accurate determination of all *Jacobsen's* assets in setting Jacobsen's child support obligation.

 In ordering Werner–Jacobsen's joinder under the alter ego doctrine, the trial court implicitly found that the alter ego doctrine, which historically has been applied to corporations, applies to individuals. However, we hold, as a matter of law, that the alter ego doctrine does not apply to relationships between individuals. An individual cannot be the "alter ego" of another.

Alter ego is an equitable doctrine which allows courts the discretion to disregard a *corporate* entity and hold individuals responsible for acts done in the name of a *corpora-*

---

action and is so situated that the disposition of the action in his [or her] absence may (i) as a practical matter impair or impede his [or her] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his [or her] claimed interest. If he [or she] has not been so joined, the court shall order

that he [or she] be made a party. If he [or she] should join as a plaintiff but refuses to do so, he [or she] may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his [or her] joinder would render the venue of the action improper, he [or she] shall be dismissed from the action.

tion. *See Black's Law Dictionary* 77–78 (6th ed.1990). The Utah Supreme Court in *Norman v. Murray First Thrift & Loan Co.,* 596 P.2d 1028 (Utah 1979), established a two-prong test to determine whether a court may disregard the corporate entity under the alter ego doctrine:

> (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, viz., the corporation is, in fact, the alter ego of one or a few individuals; and (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow.

*Id.* at 1030. The relationship between individuals, however, literally cannot meet the requirements for the alter ego doctrine to apply. Further, the courts lack the discretion to apply the doctrine to circumstances failing to meet these requirements. Therefore, because the trial court erroneously applied the alter ego doctrine to the facts of this case, and because the alter ego doctrine, as a matter of law, cannot be a basis to join Werner–Jacobsen to the action, we hold that the trial court abused its discretion in ordering Werner–Jacobsen's joinder under Rule 19.

### III. Fraudulent Conveyance & Stepparent Support Statute

■ Bednarik, however, asserts that this court can affirm the Rule 19 joinder of Werner–Jacobsen on two alternative grounds. First, Bednarik asserts that Werner–Jacobsen is a necessary party because, under Utah Code Ann. § 25–6–5(1)(a) (1995), Jacobsen fraudulently conveyed assets to Werner–Jacobsen to avoid his child support obligations and judgments. Second, Bednarik asserts that Werner–Jacobsen can be joined to the action based on her duty as a stepparent to support her stepchildren, under Utah Code Ann. § 78–45–4.1 (1996). However, Bednarik did not present nor did the trial court consider these grounds for Werner–Jacobsen's joinder, as both arguments are raised for the first time on appeal. In addition, the record lacks facts necessary for this court to address these arguments. With limited exceptions, our practice is to decline consideration of issues raised for the first time on appeal. *See Warren v. Provo City Corp.,* 838 P.2d 1125, 1128 n. 4 (Utah 1992); *accord Ong Int'l (U.S.A.), Inc. v. 11th Ave. Corp.,* 850 P.2d 447, 455 n. 31 (Utah 1993). Neither issue raised by Bednarik falls within an exception to this rule, and thus we will not consider these issues.[2]

### CONCLUSION

The trial court abused its discretion in joining Werner–Jacobsen as a party to Bednarik's action to modify Bednarik and Jacobsen's divorce decree. The trial court erred by failing to follow the analysis established under Rule 19 to determine whether a party is necessary and by failing to provide any findings or reasoning to support its decision. In addition, the court erred as a matter of law in applying the alter ego doctrine to Werner–Jacobsen as a basis for her joinder to the action. Finally, we decline to address Bednarik's alternative grounds for Werner–

---

2. However, as guidance to the trial court on remand, we make the following observations regarding a stepparent's duty to support a stepchild under the Uniform Civil Liability For Support Act, Utah Code Ann. §§ 78–45–1 to –13 (1996 & Supp.1997). That duty, under the plain language of the statute, is owed only by the "custodial" stepparent. Section 78–45–4.1 provides: "A stepparent shall support a stepchild to the same extent that a natural or adoptive parent is required to support a child." Utah Code Ann. § 78–45–4.1 (1996). Section 78–45–2(19) defines "stepparent" as "a person ceremonially married to a child's natural or adoptive *custodial* parent who is not the child's natural or adoptive parent." *Id.* § 78–45–2(19) (1996) (emphasis added). If the facts show that Werner–Jacobsen was not a "stepparent" as defined by the statute during the relevant time period, then she need not support the stepchildren. As a matter of logic, if the minor children were in Jacobsen's custody, as required for Werner–Jacobsen to be a "stepparent," then Bednarik has no claim for the support payments. If the minor children were in Bednarik's custody, then Werner–Jacobsen could not be a "stepparent" under the statute. In either event, this claim necessarily fails.

Jacobsen's joinder where those issues were presented for the first time on appeal. Therefore, we reverse the order joining Werner–Jacobsen as a party to the action.[3]

GREENWOOD and JACKSON, JJ., concur.

---

3. Because we reverse Werner–Jacobsen's joinder, we need not address Werner–Jacobsen's other argument.