2002 UT 25

**GRAND COUNTY, Plaintiff and Respondent,**

v.

**Lester W. ROGERS, Defendant and Petitioner.**

No. 20000672.

Supreme Court of Utah.

March 8, 2002.

W. Scott Barrett, Logan, for plaintiff.

Scott L. Wiggins, Salt Lake City, for defendant.

WILKINS, Justice.

¶ 1 Petitioner Lester W. Rogers seeks review of a decision of the court of appeals. On summary judgment the district court ordered Rogers to bring several parcels of real property into compliance with the Grand County land use code. The court of appeals affirmed the grant of summary judgment. We granted certiorari to review the court of appeals' decision. We affirm the decision of the court of appeals.

## BACKGROUND

¶ 2 The following facts are undisputed by the parties. Lester W. Rogers subdivided and conveyed portions of his thirty-four acre tract of land located near Thompson Springs, Grand County, Utah, to several buyers. Several of these conveyances were subsequently recorded by the Grand County Recorder. Before he sold the subdivided lots, however,

Rogers failed to file a valid subdivision plat and obtain approval to subdivide it as required by the county's ordinances on land use.

¶ 3 Consequently, Grand County sued Rogers in March 1999, seeking to enjoin him from further subdividing his property and to compel him to bring the already conveyed parcels into compliance with the land use code. Grand County moved for summary judgment, which the district court granted. The district court granted the summary judgment motion based on its determination that Rogers failed to raise any genuine issues of material fact or demonstrate that further discovery was needed. As a result, the district court enjoined Rogers from further subdividing his property and ordered him to obtain subdivision approval for those parcels that he had already sold and conveyed in violation of the county land use ordinance. Rogers appealed.

¶ 4 In a brief memorandum decision, the court of appeals affirmed the district court's grant of summary judgment. The court of appeals held that Grand County was not estopped from enforcing its subdivision ordinances by the County Recorder's filing of the documents Rogers and the respective buyers used to convey portions of Rogers' land. The court of appeals also rejected Rogers' other contentions and further held that the buyers were not necessary parties pursuant to Utah Rule of Civil Procedure 19(a), that the Occupying Claimant's Act, Utah Code Ann. §§ 57–6–1 to –8 (2000), was inapplicable to this case, and that the trial court did not abuse its discretion in denying further relief.

¶ 5 Rogers sought review of the court of appeals' decision, which we granted.

## STANDARD OF REVIEW

■ ¶ 6 "On certiorari we review the decision of the court of appeals, not the decision of the trial court. In doing so, we review for correctness, giving the court of appeals' conclusions of law no deference." *State v. A.T.*, 2001 UT 82, ¶ 5, 34 P.3d 228 (citation omitted).

## ANALYSIS

### I. MEMORANDUM DECISIONS IN GENERAL

■ ¶ 7 We note that the matter presented for our review is a Memorandum Decision of the court of appeals designated "Not for Official Publication." As instituted by the court of appeals, memorandum decisions designated as such are not published, and, in this respect, differ from opinions that are published in the official reporter and may be relied upon as precedent in the courts of this state. Memorandum decisions are intended to address cases which do not present novel issues of law on appeal, with reference to well-established precedent arising either from case law or from unambiguous statutory language. They are intended to be of use only to the lower tribunal whose work is the subject of the appeal, and to the litigants and parties in the case. For this reason, memorandum decisions usually dispense with much of the background detail common to an opinion. Presumably, the lower court and the parties are well aware of the facts and circumstances giving rise to the appeal and need not be reminded in any detail. While each case reviewed on appeal is of importance to the parties involved, and to their attorneys and the lower court, not all matters are of general interest to the public and bar.

¶ 8 Opinions of the court, on the other hand, are intended for the general consumption of courts, litigants, the bar, and the public. They are usually more detailed in their treatment of the matter under review so that persons not familiar with the underlying case will have sufficient background to understand fully the reasoning and decision reached by the appellate court in rendering its opinion.

¶ 9 Once a legal principle has been well established in the law, it is rarely necessary to review the genesis and justification for that principle in subsequent cases. For example, the standard of review applied by an appellate court in this state to a matter decided on a motion for summary judgment is set forth in numerous cases from this court and the court of appeals, and is specified in rule 56 of the Utah Rules of Civil Procedure.

As a result, it would add nothing to the law, or the understanding of the law, for us to explain in each such case the reasoning behind the rule. We simply note it in passing, and then apply it. This concept of not continually repeating well-established legal principles has given rise to the use of memorandum decisions by the court of appeals.

¶ 10 Under our current system, the majority of appeals are either filed directly with the court of appeals, *see* Utah Code Ann. § 78–2–2 (Supp.2001) (jurisdiction of the supreme court); § 78–2a–3 (jurisdiction of the court of appeals), or they are transferred there by this court, *see* Utah R.App. P. 42 (transfer from the supreme court to the court of appeals); Utah R.App. P. 44 (transfer of improperly pursued appeals). The intent of this process is to focus the time of the supreme court on cases of first impression, and those cases considered by the legislature to be of such importance that transfer to the intermediate appellate court is not authorized.

¶ 11 Theoretically, the court of appeals handles those cases that are least likely to present novel issues of law and most likely to be subject to application of well-established precedent. In reality, however, the court of appeals is often faced with novel legal issues, cases that require the interpretation of statutory law for the first time, and cases of broad interest in the legal community. This is in part a result of the statutory jurisdiction of the court of appeals, which includes, among other things, all juvenile and family law matters, *see* Utah Code Ann. § 78–2a–3(2)(c) & (h) (Supp.2001), and partly a result of imperfect screening by the supreme court in deciding which cases to transfer to the court of appeals.[1]

¶ 12 Once a matter reaches the court of appeals by either of the two mechanisms, through direct filing of the appeal with the court of appeals or through transfer from the supreme court, the court of appeals is faced with a substantial volume of cases to resolve each year. In an effort to provide thorough and timely review, the court of appeals has chosen to treat some cases with a fully-reasoned, published, citable opinion, and others with abbreviated, unpublished, non-citable memorandum decisions. The decision to treat a particular decision as an opinion or as a memorandum decision is one made by the judges of the court of appeals, and is subject to modification by them until the decision is released to the parties and public. Once issued as a memorandum decision, it is difficult to reissue as an opinion because of the process by which each is produced. Although the outcome of the appeal should be identical no matter which format is adopted, the drafting process, and the product produced, are substantially different.

¶ 13 Some confusion has arisen as a result of the use by the court of appeals of memorandum decisions. Under our constitutional authority to govern, by rule, the appellate process,[2] we take this opportunity to provide guidance on the use of memorandum decisions, and the practice of treating them as not officially published, and not citable as precedent.

¶ 14 A memorandum decision may not be used to render a decision in any matter not clearly and unequivocally disposed of on the basis of well-established Utah case law or Utah statute.[3] A party to an appeal is entitled to an understanding of the reasons relied upon by the appellate court in reaching its decision. When the appellate court can cite to clear precedent that is, without question, applicable to the situation presented for review, the parties may know of the reasoning without the need of the appellate court reiterating previously well defined law. However, when the rea-

---

1. We note that screening is usually accomplished at the very earliest stage of an appeal in order to minimize any delay associated with transferring the case to the court of appeals. As such, litigants have often not fully developed their theory on appeal, and may ultimately argue issues not present when screening decisions are made.

2. *See* Utah Const. art. VIII, § 4 ("The Supreme Court shall adopt rules of procedure and evidence to be used in the courts of the state and shall by rule manage the appellate process.").

3. In the case of a statute, care should be used to ensure that first impression analysis of a statute, or unique application of a statute, be delivered in an opinion, not a memorandum decision.

soning is new, or novel, or has not previously been applied to a matter of the type on appeal, a memorandum decision is inappropriate.

¶ 15 Increasingly, matters accepted by this court for certiorari review are matters addressed by the court of appeals in a memorandum decision. This circumstance presents another difficulty. When the reasoning of the court of appeals is abbreviated, or superficial, or incomplete, our review is made much more difficult. While we may guess what reasoning was employed, and be offered other speculation by the parties in their briefs on certiorari, we cannot know, without remand to the court of appeals for a more complete explanation. Remand, while effective and oftentimes appropriate, is costly in both time and resources for the parties and for the court, and is therefore only to be used when necessary. More helpful would be a moderation in the use of memorandum decisions that limits their use to cases decided on well-established and readily ascertainable grounds, and including reference to the well-established law given in the memorandum decision. When such a citation cannot be given, the issue under consideration is not appropriate for memorandum decision treatment.

¶ 16 We also take this opportunity to correct the misimpression that the Judicial Council has authority to adopt rules governing the use of memorandum decisions in the appellate process. This responsibility and authority has been specifically reserved to the supreme court in the constitution. Utah Const. art. VIII, § 4. Unless and until this court adopts a rule to the contrary, it is appropriately within the discretion of the court of appeals to determine which matters require oral argument, which decisions require a full opinion, and which do not. It is not, however, within their authority, or the authority of the Judicial Council, to decide which of their decisions may be cited as precedent.[4] The work of judges, the product being decisions and opinions issued to the parties, bar, and public, is the very fabric of the common law. When judges speak on issues of law, that expression becomes part of the law until it is authoritatively revised. When the court of appeals renders a decision on an issue, that decision is automatically part of the law of this state, unless and until contravened by this court, the legislature, or the people through the processes authorized for the making of new law. For this reason, decisions of the court of appeals expressed in a memorandum decision, or in an opinion, are equally binding upon lower courts of this state, and may be cited to the degree that they are useful, authoritatively and persuasively. Such decisions are issued and distributed as are all other opinions, except for the fact that they are not published in the Utah Advance Reports or the West reporter system. They are generally available to the bar and public through the internet service provided by the Administrative Office of the Courts, and although not "officially published," may be presented as precedential authority to a lower court or as persuasive authority to this court, so long as all parties and the court are supplied with accurate copies at the time the decision is first cited.

¶ 17 Obviously, if memorandum decisions are limited only to those circumstances in which the legal reasoning and the application of that reasoning to a case add nothing to the body of the law, citation of a memorandum decision will be unnecessary. Existing primary case law is adequate and more appropriate because of its more complete reasoning. But, in those rare instances when some new legal rule is inadvertently announced by way of a memorandum decision, authorizing citation to that decision will assure consistency in the law.

¶ 18 Finally, since the use of memorandum decisions is limited to circumstances where the reasoning of the court cannot be misunderstood, it is unlikely that a memorandum decision is appropriate in cases where the ultimate result is other than an affirmance of the trial court's actions, except in those rare instances where the reasons for reversal are clearly set forth in prior case law. In matters where the lower court is reversed, in whole or in part, or affirmed on other

---

4. The Judicial Council had no authority to promulgate rule 4–508 of the Utah Rules of Judicial Administration, which purports to address this question.

grounds, more explanation is usually necessary. In matters where the trial court's decision and reasoning are upheld, the reasoning of the trial court leading to that result is usually well known to the litigants, and need not be carefully described. Reversals and affirmances on other grounds do not enjoy this same advantage.

¶ 19 With that background in mind, we consider the memorandum decision in this case.

## II. NO GENUINE ISSUES OF MATERIAL FACT

■ ¶ 20 Rogers contends that the court of appeals erred in upholding the district court's grant of summary judgment by failing to recognize genuine issues of material fact properly raised by him. Grand County argues that Rogers failed to present any genuine issues of material fact to the trial court, and that Rogers has not shown that further discovery would raise any.

¶ 21 We hold that the court of appeals did not err in affirming the district court's decision, by concluding that Rogers failed to raise any genuine issues of material fact. Summary judgment is appropriate when the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). Rule 56 of the Utah Rules of Civil Procedure further requires:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but *his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Utah R. Civ. P. 56(e) (emphasis added). In this case, Rogers never set forth specific facts demonstrating the existence of a genuine issue of material fact for trial. Rogers' contention, rather, is that the trial court and the court of appeals should have interpreted and applied the facts differently. Rogers does not dispute any of the facts found by the trial court and relied upon by the court of appeals, nor does he offer a viable theory regarding the nature of any disputed facts that he seeks to obtain through discovery. *See* Utah R. Civ. P. 56(f).

¶ 22 The crux of Rogers' contention is that the facts before the trial court adequately support theories of estoppel and waiver. He contends that, because the County Recorder's Office accepted and recorded conveyancing documents memorializing his real property transactions, Grand County acted inconsistently with its subsequent enforcement of the county land use code, and therefore waived enforcement of or should be estopped from enforcing the land use code against him. Grand County argues that because the county recorder is required by law to record every properly presented document, the recording of conveyancing documents cannot reasonably be interpreted to constitute waiver, nor should the county recorder's actions estop the county from enforcing the land use code. Both theories, estoppel and waiver, were argued to the court of appeals. The court of appeals declined to consider the waiver claim because it was not properly preserved for appeal. The court held that Rogers' estoppel claim failed as a matter of law.

■ ¶ 23 "This court has recognized there are circumstances where it is inequitable to enforce a zoning ordinance." *Xanthos v. Bd. of Adjustment of Salt Lake City*, 685 P.2d 1032, 1037 (Utah 1984). To invoke the doctrine of equitable estoppel in a zoning case, "the county must have committed an act or omission upon which the developer could rely in good faith in making substantial changes in position or incurring extensive expenses." *Utah County v. Young*, 615 P.2d 1265, 1267 (Utah 1980). "The action upon which the developer claims reliance must be of a clear, definite and affirmative nature." *Id.*

¶ 24 The court of appeals determined that the filing of the conveyancing documents by the county recorder, the act Rogers claims is of such a clear, definite, and affirmative nature, is not one upon which Rogers could "rely in good faith in making substantial changes in position or incurring extensive

expenses." *Id.* Importantly, Rogers did not present facts, nor offer the nature of any disputed facts that he expected to uncover through discovery, that would satisfy the doctrine of equitable estoppel. The facts before the trial court and, therefore, before the court of appeals, do not satisfy the doctrine of equitable estoppel.

¶ 25 We agree with the court of appeals that the mere act of accepting and recording conveyance instruments for notice purposes by the county recorder does not reasonably justify a belief by a developer that the county intends to forego its right to enforce the land use code.[5] County recorders are required by law to promptly record all instruments required by law to be filed in the office of the county recorder. Utah Code Ann. § 17–21–20 (1999); *see also* § 17–21–17(1). The county recorder is mandated to keep various indexes, § 17–21–6, open to the public for inspection, § 17–21–19, thereby placing the public on notice of the contents of the recorded documents, § 17–21–11. The county recorder is not equipped to, nor should it be required to, determine the legality of each document presented for recording. In short, the mere act of recording does not ratify the legal fitness of individual property deals and thereby estop subsequent enforcement of valid zoning and land use provisions as Rogers suggests. Judgment as a matter of law was appropriate, and, therefore, the court of appeals did not err in affirming the judgment.

## III.  NO RULE 19(a) NECESSARY THIRD PARTIES

¶ 26 The court of appeals upheld the judgment of the trial court that the buyers were not necessary parties under rule 19(a) of the Utah Rules of Civil Procedure. Rogers alleges that the court of appeals erred in not considering the buyers to be necessary parties. Grand County insists that the buyers are not indispensable, pointing out that Rogers named twenty easily identifiable "doe third-party defendants" who were never served, and arguing that the trial court judgment will not impair or impede the interests

of the buyers and that nothing would be gained by making them parties.

¶ 27 The court of appeals should have considered the trial court's rule 19 determination under an abuse of discretion standard. *See, e.g., Bonneville Tower Condo. Mgmt. Comm. v. Thompson Michie Assocs., Inc.,* 728 P.2d 1017, 1020 (Utah 1986); *see also, e.g., Werner–Jacobsen v. Bednarik,* 946 P.2d 744, 746 (Utah Ct.App.1997). There is no language in the memorandum decision suggesting this standard was employed by the court of appeals on the rule 19 issue.

¶ 28 Under Rule 19(a) of the Utah Rules of Civil Procedure, a party is necessary if:

> (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Utah R. Civ. P. 19(a); *see also Cowen & Co. v. Atlas Stock Transfer Co.,* 695 P.2d 109, 114 (Utah 1984) ("[A] necessary party is one whose presence is required for a full and fair determination of his rights as well as of the rights of the other parties to the suit."). The underlying purpose of rule 19 requiring joinder of necessary parties is " 'to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations.' " *Landes v. Capital City Bank,* 795 P.2d 1127, 1130 (Utah 1990) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1602, at 21 (1986)).

¶ 29 Under rule 19, the trial court must first determine whether a party is necessary. Utah R. Civ. P. 19(a); *Landes,* 795 P.2d at 1130. If the party is necessary, the court must next consider whether joinder of the necessary party is feasible. Utah R. Civ. P.

---

5.  This is a question of first impression.

19(a); *Landes,* 795 P.2d at 1130–31, 1132. If so, the necessary party "shall be joined." Utah R. Civ. P. 19(a). If, on the other hand, the court finds it unfeasible to join the necessary party, the court must address the indispensability of the party under Rule 19(b) and decide whether the action should proceed or be dismissed. Utah R. Civ P. 19(b); *Landes,* 795 P.2d at 1130 ("Only if we first find [a party] to be a necessary party can we properly proceed to the 19(b) question of indispensability."); *Werner–Jacobsen,* 946 P.2d at 747 ("The issue of indispensability under Rule 19(b) need not be addressed unless the court finds that a party is necessary, [and] that joinder is not feasible."). Further, in performing a rule 19 analysis, a court must discuss specific facts and reasoning that lead to the conclusion that a party is or is not necessary or indispensable, and failure to do so is error. *Landes* 795 P.2d at 1130; *Werner–Jacobsen,* 946 P.2d at 747 (noting that the trial court "is required to identify the specific facts and reasoning that support its conclusion that a party is or is not necessary under Rule 19(a)"). Nevertheless, the burden of presenting such specific facts and reasoning is on the party attempting to persuade the court that parties are necessary— Rogers in this case.

¶ 30 We review only the court of appeals' holding that the buyers were not necessary parties under rule 19(a) "[b]ecause Rogers alleges no facts which would meet the requirements of Rule 19...." In its ruling granting summary judgment, the trial court failed to discuss specific facts and reasoning that led it to the conclusion that the buyers were not necessary parties under rule 19(a). It could not, however, because counsel for Rogers never offered any specific facts or reasoning why the buyers were necessary parties. Our review of the record reveals that the only argument from Rogers consists of nine lines in his memorandum opposing Grand County's motion for summary judgment. He suggests that the court could not grant summary judgment because the buyers were not before the court, but his argument is unaccompanied by any legal authority. Noticeably absent is a reference to rule 19, let alone a discussion of specific facts and reasoning to persuade the court that buyers

were necessary parties. Because Rogers failed to present any specific facts and reasoning to persuade the court that parties are necessary, we conclude the court of appeals did not err in affirming the trial court.

## IV. OCCUPYING CLAIMANTS ACT INAPPLICABLE

¶ 31 Rogers contends that the buyers qualify as occupying claimants under the Occupying Claimants Act, Utah Code Ann. §§ 57–6–1 to –8 (2000). He claims the court of appeals erred in concluding that the Act was inapplicable to this case. The court of appeals was correct. The Occupying Claimants Act deals with the determination of title and execution on property where an occupant, under color of title, has made valuable improvements to the land. Determination of title and execution on the property is not at issue here. Grand County seeks only to enforce the subdivision law by prohibiting Rogers from further subdividing the land until he has filed a valid subdivision plat and thereby complied with the county's ordinances on land use.

## CONCLUSION

¶ 32 The decision of the court of appeals is affirmed.

¶ 33 Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.

¶ 34 Chief Justice HOWE concurs in the result.